JOHN D. LANCASTER, W. L. DUNN, S. L. PARKER, M. T. HARRELL,
A. M. WOOTEN, HARRY FAGAN, RILEY PHILLIPS, S. R. JENKINS,
C. W. DUNN, J. B. NORVILLE AND W. D. WEBB v. E. F. STANFIELD.

(Filed 10 March, 1926.)

**1. Bills and Notes—Negotiable Instruments—Endorser—Sureties—Equity —Contribution.**

An endorser of a negotiable instrument is not subject to contribution among all others who may have endorsed the same, but only liable to those who are subsequent in date to his endorsement, to the full amount of their payment, as an indemnitor.

**2. Same—Parol Evidence—Statutes.**

As between the original parties to the agreement it may be shown by parol evidence that though on the face of the instrument those whose names appeared as endorsers, in fact signed their names as sureties or comakers, among whom equity will enforce contribution in proper instances. C. S., 3049.

**3. Same—Corporations—Shareholders—Evidence—Nonsuit.**

Where the stockholders at a meeting have agreed to and did endorse its negotiable note to enable the corporation to get money with which to carry on its business, it may be shown by parol evidence as between themselves, that though their names appeared on the face of the instrument as endorsers thereof, in fact they did so as sureties, among whom contribution will be enforced in equity in favor of those who have paid off the corporation note, and upon sufficient evidence, a motion as of nonsuit will be denied.

**4. Same—Payment—Actions.**

The right of action of one who signs a negotiable instrument as surety, arises against his cosureties to enforce contribution at the time he pays the instrument within the date the same is enforceable, and not from the date of its maturity.

**5. Same—Payment—Interest—Limitation of Actions.**

Those who are liable on a negotiable instrument as endorsers and sureties, etc., under an agreement thereon that they will continue to be bound notwithstanding an extension given to the maker, are bound by its terms, and a payment by the principal of the interest thereon will repel the bar of the statute of limitations in an action against them.

**6. Bills and Notes—Negotiable Instruments—Renewals—Payment—Parol Evidence—Endorsers—Sureties—Actions—Defenses.**

Where sureties on a note have agreed to continue bound notwithstanding an extension of time given by the payee to the maker, and a renewal note is given thus extending the time of payment, the question of whether the original note marked paid was in fact paid or renewed, is a question of the intent of the parties, which may be shown by parol evidence in an action against one of the sureties who pleads payment as a defense.

**7. Same—Instructions—Directing Verdict—Appeal and Error.**

In an action for contribution against a surety on the original negotiable note, remaining bound thereon notwithstanding an extension given to the maker, who did not sign a renewal thereof, where the evidence is conflicting as to whether the original note marked paid was in fact discharged by the renewal, the question of the running of the statute of limitations pleaded in bar of recovery, depends upon the finding by the jury upon this issue of fact, and it is reversible error for the judge to instruct a verdict upon the evidence.

APPEAL by defendant from *Cranmer, J.,* at November Term, 1925, of EDGECOMBE. New trial.

Civil action commenced on 27 May, 1924, to recover of defendant one-twelfth of the amount paid by plaintiffs in discharge of liability of plaintiffs and defendant as joint-makers, or cosureties, upon two notes dated 28 April, 1920, executed by Pinetops Drying Plant, Inc., payable to Pinetops Banking Company or order, due on 24 October, 1920, and alleged to have been paid by plaintiffs on 29 December, 1923. Upon defendants' denial of liability, issues were submitted to and answered by the jury, as follows:

1. In what sum, if any, is the defendant indebted to the plaintiffs, as alleged in the complaint? Answer: $909.09, with interest from 1 August, 1923.

2. Is the indebtedness declared on in the complaint barred by the statute of limitations, as alleged in the answer? Answer: No.

From judgment upon this verdict, defendant appealed to the Supreme Court.

*H. H. Philips for plaintiffs.*
*Gilliam & Bond for defendant.*

CONNOR, J. Plaintiffs and defendant, and twelve other persons on 28 April, 1920, were the owners of all the stock of the Pinetops Drying Plant, Inc., a corporation organized under the laws of the State of North Carolina, for the purpose of engaging in business in the town of Pinetops, N. C. On said day, Pinetops Drying Plant, Inc., executed two notes, each for the sum of $5,000, both payable one hundred and eighty days after date, to the order of Pinetops Banking Company. On the back of each note, appear the following words:

"All parties to this note, whether as sureties, endorsers, or guarantors, hereby agree, collectively and individually, to continue and remain bound for the payment of this note and all interest thereon, notwithstanding any extension of time granted to the principal, and notwithstanding any failure or omission to protest this note for nonpayment, or to give notice of nonpayment, or dishonor, or protest, or to make presentment, or demand for payment, hereby expressly waiving any protest

and any and all notice of any extension of time or of nonpayment, or dishonor or protest in any form, or any presentment or demand for payment, or any other notice whatsoever."

Beneath these words, on the back of each note, plaintiffs and defendant wrote, each, his name, defendant's name being fifth in order. At the trial, each of said notes bore the endorsement of the Pinetops Banking Company, by W. E. Cobb, Vice-President, this indorsement being below the names of plaintiffs and defendant. The allegation in the complaint that plaintiffs and defendant were joint-makers, or cosureties to said notes, in accordance with an express agreement to that effect, entered into before the delivery of the notes, is denied in the answer; defendant alleges that he signed the note as an endorser only, and contends that, therefore, he is not liable to plaintiffs for contribution. It is admitted that Pinetops Drying Plant, Inc., has not paid the notes, and that it is now insolvent.

Plaintiffs' cause of action, as set out in the complaint, is not upon the notes; they do not sue as holders, by virtue of the indorsement of Pinetops Banking Company, payee. They allege that they have paid the notes, and that defendant, as joint-maker, or cosurety, by virtue of an express agreement, is liable to them for one-twelfth the amount so paid by them upon the principle of contribution. Whether defendant is so liable, must be determined by his relation to plaintiffs with respect to the notes. The liability to contribution does not arise from contract but from equitable principles, applicable, by reason of relationship between or among parties to an obligation to a third party. Defendant admits that he signed his name on the back of the notes, as it appears thereon, with the names of plaintiffs; nothing else appearing, defendant is an indorser, and liable only as such. C. S., 3044. If defendant is liable only as an indorser on the notes, contribution cannot be enforced against him by plaintiffs, who have paid the notes by reason of their liability for "as respects one another, indorsers are liable prima facie in the order in which they indorse." C. S., 3049. "Indorsing an instrument, in its literal sense, means writing one's name on the back thereof; and in its technical sense, it means writing one's name thereon with intent to incur the liability of a party who warrants payment of the instrument, provided it is duly presented to the principal at maturity, not paid by him, and such fact is duly notified to the indorser." Daniel, Neg. Inst. (6 ed.), (T. H. Calvert) vol. 1, sec. 666. "When several persons indorse a bill or negotiable note in succession, the legal effect is to subject them as to each other in the order they indorse. The indorsement imports a several and successive, and not a joint obligation, whether the indorsement be made for accommodation, or for value received, unless there be an agreement *aliunde* different from that evidenced

by the indorsements. When the successive indorsements are for accommodation of other parties, the indorsers for accommodation may make an agreement to be jointly and equally bound, but whoever asserts such an agreement must prove it. In cases, therefore, in which no such agreement is proved, the indorsers are not bound to contribution amongst themselves, but each and all are liable to those who succeed them." Daniel, Neg. Inst. (6 ed.), (T. H. Calvert) vol. 1, sec. 703.

If defendant is an indorser only, he is liable, not to all the plaintiffs who have paid the notes, as a coindorser, for contribution, but only to such of them as indorsed the notes subsequent to his indorsement, for the full amount paid by them. As to these he is liable as an indemnitor.

Evidence is admissible, however, to show that as between or among themselves, parties to a negotiable instrument are liable otherwise than appears prima facie. This is especially true as to indorsers under the statute, C. S., 3049. It is a general rule that the true relation subsisting between the several parties bound for the performance of a written obligation may be shown by parol evidence. The surety on the face of a note, and an accommodation indorser may, as between themselves, be shown by parol to be cosureties by virtue of a verbal understanding to that effect; and so it may be shown that, as among themselves, plaintiffs and defendants are mutually liable as joint-makers or cosureties. Brandt Suretyship Guaranty, vol. 1 (3d ed.) pp. 562-3; *Bank v. Burch,* 145 N. C., 316; *Sykes v. Everett,* 167 N. C., 600; *Gillam v. Walker,* 189 N. C., 189; *Dillard v. Mercantile Co.,* 190 N. C., 225. If the relationship between plaintiffs and defendant, with respect to the notes paid by plaintiffs is that of joint-makers or cosureties, defendant is liable to plaintiffs for contribution.

It is alleged in the complaint that at a meeting of the stockholders of the Pinetops Drying Plant, Inc., at which plaintiffs and defendant were present as stockholders, it was "agreed to, between and among themselves and the Pinetops Banking Company that if the said Pinetops Banking Company would loan the sum of $10,000 to them and to the Pinetops Drying Plant, Inc., in order that the latter might have sufficient money to carry on its business at the time, they, the said plaintiffs and defendant, would become joint-makers, sureties or indorsers with the Pinetops Drying Plant, Inc., of two promissory notes or bonds in the sum of $5,000 each"; and that the notes described in the complaint were executed in accordance with said agreement. Evidence offered by plaintiffs tends to establish the truth of these allegations. The fact that plaintiffs and defendant were stockholders of the Pinetops Drying Plant, Inc., and therefore mutually interested in its success, together with the further fact that the money was borrowed from the payee of said notes for the use of said plant, is, at least, evidence that

as among themselves, plaintiffs and defendant were joint-makers or co-sureties, and liable to each other for contribution, and not liable as indorsers to indemnify each other according to the priority of their indorsements. Daniel Neg. Inst. vol. 1, (6 ed.), (T. H. Calvert), sec. 703a. A stockholder who has been compelled to pay more than his share of the debts of the corporation may maintain an action against stockholders who are also liable for the debt for contribution. 6 R. C. L., p. 1054. See *Strasburger v. Meyer-Strasburger Co.,* 167 App. Div. 198, 152 N. Y., Supp. 757. See *Houser v. Fassoux,* 168 N. C., 1.

Defendant's motion for judgment as of nonsuit, presenting his contention that upon all the evidence he is not liable for contribution was properly overruled. There was evidence from which the jury could find that defendant was a joint-maker or cosurety with plaintiffs; if the jury should so find, defendant is liable for contribution.

Defendant pleads in his answer as a defense to plaintiff's action the three-year statute of limitations. His Honor instructed the jury upon the second issue, involving this defense, that if they found the facts to be as testified, they should answer the second issue, "No." Defendant excepted to this instruction and assigns same as error.

Plaintiff's right of action against defendant for contribution accrued on the date of the payment of the notes by plaintiffs. It did not accrue at the maturity of the notes dated 28 April, 1920, to wit, 24 October, 1920; the cause of action set out in the complaint is not upon these notes, but upon the implied promise of defendant, arising from his alleged relation to plaintiffs, with respect to said notes, to pay his proportionate part of the amount which plaintiffs might pay in discharge of their common liability on the notes, upon default of the Pinetops Drying Plant, Inc. The action cannot be maintained without allegation and proof that those who seek to enforce contribution have paid the debt for which it is alleged plaintiffs and defendant were liable as joint-makers or cosureties. Story's Eq. Jur. (14 ed.), (W. H. Lyon), vol. 2, sec. 671, and cases cited. "As the right to enforce contribution is not complete and enforceable until payment or discharge in whole or in part of the common obligation, the statute of limitations does not begin to run against a claim for contribution until plaintiff has discharged the common debt or has paid more than his share of it." 13 C. J., 833 and cases cited.

The evidence offered by plaintiff tends to show that at the maturity of the notes, dated 28 April, 1920, the Pinetops Drying Plant, Inc., delivered to the Pinetops Banking Company two notes, each for $5,000, dated 24 October, 1920, and due 180 days after date; these notes were identical in form with the notes dated 28 April, 1920; they were indorsed by plaintiffs, but not by defendant; defendant declined to in-

dorse them, although requested by plaintiffs to do so. The interest was paid by Pinetops Drying Plant, Inc., which was solvent at the time. Upon delivery of these notes to it, the Pinetops Banking Company delivered to the Pinetops Drying Plant, Inc., the notes dated 28 April, 1920. Thereafter as the notes delivered to the Pinetops Banking Company in lieu of notes held by it became due, other notes executed by the Pinetops Drying Plant, Inc., and indorsed by plaintiffs, but not by defendant, for the same amounts, and in the same form, were delivered to said Banking Company in exchange for the notes which had become due, according to their tenor. The last two notes were dated 1 February, 1923, and became due 180 days from date, i. e., 1 August, 1923. These notes were paid by plaintiffs, upon demand of the Pinetops Banking Company, on 29 December, 1923. On said date the Pinetops Drying Plant, Inc., was insolvent.

The notes bearing the date upon which the notes for which they were exchanged matured were marked "Paid," delivered to the Pinetops Drying Plant, Inc., and placed in its files. Plaintiffs allege that these were renewal notes, and that the indebtedness, as evidenced by the notes dated 28 April, 1920, was paid on 29 December, 1923. This allegation was denied by defendant; defendant contends that the notes which he indorsed were paid and discharged by the notes accepted by the Pinetops Banking Company, at their maturity. This action was begun on 27 May, 1924—within three years from 29 December, 1923, but not within three years from 25 April, 1921, when the first two notes given by the Pinetops Drying Plant, Inc., in exchange for the notes dated 28 April, 1920, which became due on 24 October, 1920, were delivered to the Pinetops Drying Plant, Inc., marked "paid." Whether or not plaintiffs' action for contribution is barred by the statute of limitations depends upon the date on which the cause of action accrued, to wit, the date on which plaintiffs paid the amount for which they demand of defendant contribution. If the notes which are marked "paid" are in fact renewal notes—the only effect of which was to extend the time of payment of the indebtedness evidenced by the original notes, (Bank v. Howard, 188 N. C., 543), the indebtedness for which defendant is liable to plaintiffs, upon the principle of contribution, was not paid until 29 December, 1923; in that event, the cause of action accrued on that date, and the action for contribution is not barred; on the other hand, if the original notes were in fact paid by the new notes, or if the new notes were paid at maturity, and not merely renewed, i. e., if there was a novation, the cause of action accrued not later than 25 April, 1921, and the action is barred.

Whether the original notes were paid and discharged by the new notes, or whether the new notes were merely renewals of the original notes, depends upon the intention of the parties. 8 C. J., 572; Taylor

*v. Bank,* 190 N. C., 175; *Bank v. Hall,* 174 N. C., 476. The fact that the old notes were marked "paid," and surrendered to the maker, is not conclusive. The burden was upon plaintiffs to show the date of the payment of the amount for which they seek contribution. There was error in the instruction to the jury upon the second issue. The contentions of both plaintiffs and defendant, upon all the evidence, should have been submitted to the jury, with appropriate instructions.

If the jury shall find that payment was made by plaintiffs on 29 December, 1923, and that this action was not barred, for that the cause of action accrued on that date, and the action was begun on 27 May, 1924, then defendant contends that he is not liable for contribution, for that payment was made by plaintiffs, voluntarily, after the cause of action on the note, which he had endorsed, with the plaintiffs, was barred. These notes became due on 24 October, 1920; if they were paid on 29 December, 1923, more than three years had elapsed from the date on which the cause of action on these notes had accrued. Nothing else appearing, an action on the notes by the holder was barred at the date of the payment by plaintiffs. It is said by the author of the article on Contribution, in 6 R. C. L., p. 1040, "The fact that the obligation for the payment of which contribution is sought was barred by limitations when the payment was made has been considered not to defeat the right to contribution, on the theory that a revival of a barred debt by a joint contractor recovers it as to his cocontractors, as well as that such a contractor is not bound to plead the statute, though good authority exists to the contrary, based on the reasoning that the obligation of a debt, the remedy on which is barred by the statute of limitations cannot be said to be subsisting and legal, and payment compulsory on a party in whose favor the bar has attached. He may successfully resist the obligation and decline the payment."

There is evidence, however, that the interest on the indebtedness evidenced by the notes, dated 28 April, 1920, was paid by the Pinetops Drying Plant, Inc., to 1 August, 1923; if these notes were not paid, but were merely renewed, the payment of interest by the principal, before the debt was barred, renewed the debt, both as to principal and sureties, to 1 August, 1923, and an action on the notes was not barred as against defendant on 29 December, 1923, if he is a joint-maker, or surety on the note, defendant having waived notice of such extension; *Houser v. Fassoux,* 168 N. C., 1; *Barber v. Absher Co.,* 175 N. C., 602. This contention therefore involves both the question as to defendant's relation to the notes, and as to whether same were paid or renewed. Upon the new trial appropriate issues should be submitted to the jury that they may pass upon the contentions of the parties with respect to these matters and say by their verdict what the facts are.

New trial.