W. M. SEARCY v. W. T. HAMMETT, H. H. CARSON, J. W. JACK, J. C. DENTON AND J. D. CARPENTER, THE LAST NAMED BEING REPRESENTED BY HIS GENERAL GUARDIAN, S. J. CARPENTER.

(Filed 8 January, 1932.)

1. **Bills and Notes A e—Endorsement of note without consideration is not binding when endorser does not have sufficient mental capacity.**

Where, at the time of the endorsement, an endorser does not have sufficient mental capacity to endorse the note, and the endorsement is

without consideration to the endorser, the endorser is not liable thereon although the payee of the note is without notice of such mental incapacity, but the endorser is liable if he received consideration.

2. **Bills and Notes A a—Endorsement of note in this case held supported by legal consideration.**

Where the creditor of a corporation accepts its notes endorsed by its stockholders and directors in settlement of the debt he extends the maturity of the debt and gives up his right to reduce the debt to judgment until after the maturity of the notes, and the endorsement of such notes by a stockholder and president of the corporation is supported by a legal consideration, and he is liable thereon although at the time of the endorsement he did not have sufficient mental capacity to make the endorsement, the payee having no notice of such mental incapacity.

APPEAL by plaintiff from *Shaw, Emergency Judge,* at June Special Term, 1931, of POLK. New trial.

This is an action to recover of the defendants the amounts due on seven notes payable to the order of the plaintiff, and executed by the Citizens Planing Mill Company, Incorporated, as maker, and the defendants, as endorsers.

One of the notes sued on is dated 23 July, 1928, and is for the sum of $2,000. This note has been credited with a payment of $80.00. The other six notes are dated 1 January, 1930, and are for the sum of $250, each. The consideration for said notes was lumber sold and delivered by plaintiff to the Citizens Planing Mill Company, Incorporated. The accounts for said lumber were due and payable prior to the dates of said notes. All of said notes are now due and unpaid.

The Citizens Planing Mill, Incorporated, is insolvent. The defendants were stockholders and directors of said corporation at the date of said notes. They offered to endorse and did endorse said notes upon plaintiff's agreement to extend the maturity of the indebtedness due him by the Citizens Planing Mill Company, Incorporated, on account of the lumber sold and delivered by the plaintiff to said corporation.

This action was begun in the Superior Court of Polk County on 21 April, 1930. It was tried at June Special Term, 1931, of said court. There was a judgment by default final, for want of an answer, against all of the defendants except the defendant, J. D. Carpenter. This judgment is for the full amount of all said notes.

After the commencement of the action, to wit, on 7 May, 1930, an inquisition of lunacy was begun before the clerk of the Superior Court of Polk County, in which, upon the verdict of a jury, it was adjudged that the defendant, J. D. Carpenter, was incapable, from want of understanding, to manage his affairs. Pursuant to said adjudications,

Miss Sallie J. Carpenter, his sister, was duly appointed general guardian of the defendant, J. D: Carpenter. She filed an answer in his behalf to the complaint in this action on 21 May, 1930.

At the trial issues were submitted to and answered by the jury, as follows:

"1. Did the defendant, J. D. Carpenter, at the time he endorsed the note dated 23 July, 1928, have sufficient mental capacity to endorse said note? Answer: Yes.

2. If not, did the plaintiff, W. M. Searcy, have notice of such want of mental capacity? Answer: ..........

3. Did the defendant, J. D. Carpenter, at the time he endorsed the notes dated 1 January, 1930, have sufficient mental capacity to endorse said notes? Answer: No.

4. If not, did the plaintiff, W. M. Searcy, have notice of such want of mental capacity? Answer: No.

5. Were said notes without adequate consideration as alleged in the answer? Answer: Yes, as to the six notes for $250 each, dated 1 January, 1930. No, as to the $2,000 note dated 23 July, 1928.

6. What amount, if any, is the defendant, J. D. Carpenter, indebted to the plaintiff, W. M. Searcy? Answer: $1,980 with interest from 23 July, 1929."

Plaintiff excepted to the refusal of the court to render judgment in his favor and against the defendant, J. D. Carpenter, not only for $1,980, but also for $1,500, with interest from 1 January, 1930.

From judgment that plaintiff recover of the defendant, J. D. Carpenter, the sum of $1,980 with interest from 23 January, 1929, plaintiff appealed to the Supreme Court.

*E. B. Cloud and S. P. Dunnagan for plaintiff.*
*Shipman & Arledge for defendant.*
*J. Lee Lavendar for J. D. Carpenter.*

CONNOR, J. At the trial of this action in the Superior Court, the judge instructed the jury not to consider or answer the 5th or the 6th issue. This instruction was given to the jury because the judge was of opinion that these issues involve matters of law only and that the answers of the jury to the 1st, 2d, 3d and 4th issues would determine the answers to these issues. The jury having answered the 1st, 2d, 3d and 4th issues as shown in the record, the judge answered the 5th and 6th issues, and upon these answers, notwithstanding the answer of the jury to the 4th issue, refused to render judgment in accordance with plaintiff's

motion that he recover of the defendant not only the sum of $1,980 on the note dated 23 July, 1928, but also the sum of $1,500 on the notes dated 1 January, 1930.

Plaintiff excepted and on his appeal to this Court assigns as error the action of the judge in answering the 5th and 6th issues, in refusing his motion for judgment, and also in rendering the judgment shown in the record. The question of law presented by these assignments of error is whether upon all the evidence the endorsement by the defendant, J. D. Carpenter, of the notes dated 1 January, 1930, was without consideration. The jury having found that on 1 January, 1930, J. D. Carpenter did not have sufficient mental capacity to endorse the notes of that date, the said J. D. Carpenter is not liable to plaintiff on said notes by reason of his endorsement, if such endorsement was without consideration, notwithstanding plaintiff had no notice of such want of mental capacity. *Wadford v. Gillette,* 193 N. C., 413, 137 S. E., 314.

On 1 January, 1930, J. D. Carpenter was a stockholder of the Citizens Planing Mill Company, Incorporated; he was also the president of said corporation at said date. The Citizens Planing Mill Company, Incorporated, was indebted to the plaintiff on 1 January, 1930, for lumber sold and delivered to said corporation by plaintiff. The account was due, and plaintiff had demanded payment. At the request of the Citizens Planing Mill Company, Incorporated, and of its stockholders and officers, plaintiff agreed to accept the notes of the corporation endorsed by the defendants in this action, its stockholders and officers, in settlement of his account. The notes sued on in this action, dated 1 January, 1930, were executed by the corporation as maker and endorsed by the defendants, its stockholders and officers, in settlement of plaintiff's account. By his acceptance of the notes, plaintiff extended the maturity of his debt and thereby surrendered his right to reduce the same to judgment until the maturity of the notes. The endorsement of said notes by the defendants, including the defendant, J. D. Carpenter, was supported by a legal consideration. *Exum v. Lynch,* 188 N. C., 392, 125 S. E., 15. To hold otherwise would deprive his codefendants of their right to contribution from the defendant, J. D. Carpenter. *Lancaster v. Stanfield,* 191 N. C., 340, 132 S. E., 21. Plaintiff's assignments of error are sustained. He is entitled to a

New trial.