ORBREY RAYNOR, AARON RAYNOR, AND JOHN O. RAYNOR v. K. B. RAYNOR AND HIS WIFE, MINNIE RAYNOR,

and

ORBREY RAYNOR, AARON RAYNOR, AND JOHN O. RAYNOR v. ALICE TART AND HER HUSBAND, RAYMOND TART.

(Filed 13 October, 1937.)

1. **Deeds § 14b: Mortgages § 2—Grantee accepting deed directing payment of debt becomes personally liable, and charge constitutes equitable lien.**

   The owner of land divided it into nine tracts and deeded one tract to each of his nine children, reserving a life estate.   Only the tracts conveyed to two of the children were encumbered, but the deed to each of the children provided that the grantee therein should pay one-ninth of the mortgage indebtedness remaining unpaid upon the death of the grantor. Each child accepted his deed and went into possession.   *Held:* By accepting the deed each grantee became personally liable for one-ninth part of the mortgage indebtedness remaining unpaid upon the death of the grantor, even though the tract conveyed to him was not included in the mortgage, and such liability constitutes a specific charge against the land in the nature of an equitable lien thereon, in accordance with the intent of the grantor as disclosed by the language used, construed in the light of the attendant facts.

2. **Contribution § 2—Plaintiffs in this action held entitled to recover of defendant under doctrine of equitable contribution.**

   Each of the nine children of the grantor accepted deeds specifying that the grantee should pay one-ninth of the amount of a debt of the grantor remaining unpaid at his death, which debt was secured by a mortgage on only two of the nine tracts.   The mortgage was foreclosed and the land sold, and this action was instituted by the children who were deeded the mortgaged tracts against other of the children whose land was unencumbered.   *Held:* Plaintiffs, who had lost their lands by foreclosure, are entitled to recover of each of defendants who failed to pay his part of the debt made a charge on his land one-ninth of the amount of the mortgage indebtedness under the doctrine of equitable contribution.

APPEAL by defendants from *Spears, J.,* at February Term, 1937, of JOHNSTON.   Affirmed.

By consent of the parties thereto, the above entitled actions, pending in the Superior Court of Johnston County, were consolidated for trial.

The facts admitted in the pleadings, and agreed at the trial, are as follows:

1. On 25 June, 1927, John I. Raynor was seized in fee and in possession of several tracts of land situate in Johnston and Harnett counties, North Carolina; all said tracts of land, except two, containing 39 and 16.50 acres, respectively, were free and clear of encumbrances; the said two tracts of land had been conveyed by the said John I. Raynor, by a mortgage, to the Greensboro Joint Stock Land Bank of Greensboro, N. C., to secure the payment of his indebtedness to the said bank, in the sum of $1,500; the said indebtedness was payable in equal installments of $52.50, which were due semiannually.

2. At said date, the said John I. Raynor had nine living children, including the plaintiffs Orbrey Raynor, Aaron Raynor, and John O. Raynor, and the defendants K. B. Raynor and Alice Tart.

3. Prior to said date, the said John I. Raynor had caused his lands to be divided into nine shares, of practically equal acreage; three of said shares include the two tracts of land containing 39 and 16.50 acres, respectively, which had been conveyed by the said John I. Raynor, by a mortgage, to the Greensboro Joint Stock Land Bank. These three shares of his land were conveyed by the said John I. Raynor to the plaintiffs, respectively, by deeds dated 25 June, 1927; the remaining six shares of his land were conveyed by the said John I. Raynor to his remaining six children, respectively, by deeds dated 25 June, 1927.

4. In each of the deeds executed by him, conveying the nine shares of his land to his nine children, respectively, the said John I. Raynor reserved to himself a life estate in the share conveyed by said deed. Each of said deeds was duly probated and recorded, and thereafter delivered by the said John I. Raynor to the child named therein as grantee. Each child accepted the deed delivered to him by the said John I. Raynor, and entered into possession of the land described therein.

5. The deed executed by the said John I. Raynor on 25 June, 1927, and thereafter delivered by him to the defendant K. B. Raynor, contains a clause in words as follows:

"It is understood between the parties to this deed that there is a claim due by said John, I. Raynor to the Greensboro Joint Stock Land Bank, the semiannual payment on which is $52.50, and that such payments as may be due at the death of the said John I. Raynor, the said K. B. Raynor shall pay his one-ninth part of said payments as they shall become due."

6. The deed executed by the said John I. Raynor on 25 June, 1927, and thereafter delivered by him to the defendant Alice Tart, contains a clause in words as follows:

"It is understood between the parties to this deed that there is a claim due by said John I. Raynor to the Greensboro Joint Stock Land Bank, the semiannual payment on which is $52.50, and that such payments as may be due at the death of the said John I. Raynor, the said Alice Tart shall pay her one-ninth part of said payments as they become due."

7. The deeds executed by the said John I. Raynor, on 25 June, 1927, and thereafter delivered by him to his other children, respectively, contain a clause in the identical words as those appearing in the clauses contained in the deeds to the defendants K. B. Raynor and Alice Tart.

8. John I. Raynor died prior to the commencement of these actions. He had paid all the installments on his indebtedness to the Greensboro Joint Stock Land Bank, which became due prior to his death.

9. After the death of the said John I. Raynor the defendants K. B. Raynor and Alice Tart each tendered to the Greensboro Joint Stock Land Bank a sum of money equal to a one-ninth of the installments which thereafter became due on the indebtedness of John I. Raynor to said bank, which was secured by the mortgage on the lands conveyed by the said John I. Raynor to the plaintiffs. The bank declined to accept partial payments on said installments, and thereafter, in accordance with the terms and provisions of its mortgage, foreclosed the same and sold the lands which the said John I. Raynor had conveyed to the plaintiffs as their shares of his land.

10. At the date of the foreclosure of its mortgage by the Greensboro Joint Stock Land Bank, one-ninth of the amount due on the indebtedness of John I. Raynor to said bank was $174.38, with interest from 1 January, 1935.

On the foregoing facts, it was ordered, considered, and adjudged by the court:

1. That plaintiffs recover of the defendant K. B. Raynor the sum of $174.38, with interest from 1 January, 1935, until paid.

2. That plaintiffs recover of the defendant Alice Tart the sum of $174.38, with interest from 1 January, 1935.

3. That plaintiffs recover of the defendants K. B. Raynor and Alice Tart the costs of this action, to be taxed by the clerk of the court.

4. That the amount of the judgment recovered by the plaintiffs of each of the defendants in this action is a specific charge or equitable lien on the land conveyed by John I. Raynor to said defendants.

The defendants excepted to the judgment and appealed to the Supreme Court, assigning error in the judgment.

*Otis L. Duncan and Leon E. Stevens for plaintiffs.*
*L. L. Levinson for defendants.*

RAYNOR *v.* RAYNOR and RAYNOR *v.* TART.

CONNOR, J. Three questions are presented by this appeal. If these questions are answered, each, in the affirmative, the judgment of the Superior Court must be affirmed; otherwise, the judgment must be reversed. The questions are:

1. Was it the intention of John I. Raynor, as disclosed by the language used by him in the clause contained in his deeds to the defendants, respectively, construed in the light of all the facts shown in the record, to impose upon the grantee in each of said deeds personal liability for the payment of one-ninth of the amount of his indebtedness to the Greensboro Joint Stock Land Bank at his death?

2. If so, was it his intention also that such amount should be a specific charge in the nature of an equitable lien on the land conveyed by said deed to the grantee named therein?

3. Are the plaintiffs, as grantees in the deeds executed by John I. Raynor and conveying to them shares of his lands which were encumbered by his mortgage to the Greensboro Joint Stock Land Bank to secure the payment of his indebtedness to said bank, in consequence of the foreclosure of said mortgage and the sale of the said shares under the power of sale contained in the mortgage, entitled to recover of each of the defendants a sum of money equal to one-ninth of said indebtedness at the date of said foreclosure and sale, and to have said sum adjudged a specific charge in the nature of an equitable lien on the land conveyed by the said John I. Raynor to each of the defendants?

In the briefs filed in this Court on behalf of the defendants as appellants, it is conceded that the first question must be answered in the affirmative on the principle that when the grantee in a deed has accepted the deed and claims under it, he assumes all liabilities imposed upon him by the deed. See *Tripp v. Nobles,* 136 N. C., 99, 48 S. E., 675.

The second question must also be answered in the affirmative, on the authority of *Marsh v. Marsh,* 200 N. C., 746, 158 S. E., 400. In that case it was held that where a father and mother conveyed their lands to their son, to effect a family settlement, and provided in their deed that the son should pay a certain sum of money to his sister, the son, having accepted the deed, and claiming under it, became personally liable for the payment of the money to his sister, and that his sister was entitled to an equitable lien on the land conveyed by the deed to the son for the amount of money which he was directed by the grantors in the deed to pay to her.

The third question must also be answered in the affirmative. The defendants having failed to pay to the Greensboro Joint Stock Land Bank the sums of money which were specifically charged on the lands conveyed to them by John I. Raynor, with the result that the plaintiffs have lost the lands conveyed to them by the said John I. Raynor, the

plaintiffs are entitled to recover of each of the defendants the sum of money which the defendants were required to pay to the Greensboro Joint Stock Land Bank in partial discharge of the indebtedness of John I. Raynor, which was secured by his mortgage on the lands of the plaintiffs, on the principle of equitable contribution. *Lancaster v. Stanfield,* 191 N. C., 340, 132 S. E., 21; *Taylor v. Everett,* 188 N. C., 247, 124 S. E., 316.

It follows that there is no error in the judgment of the Superior Court. The judgment is

Affirmed.