### C. O. STORY v. EUGENIA B. WALCOTT.

(Filed 22 September, 1954.)

**1. Deeds § 14—**

A grantee, by acceptance of a deed, becomes bound by the stipulations, recitals, conditions, and limitations therein contained, even though he has not signed the deed.

**2. Deeds § 14b: Vendor and Purchaser § 23: Parties § 3—**

Plaintiff grantor instituted this suit for specific performance against his grantee, alleging that the deed contained a provision that if the grantee should desire to sell the land conveyed, she would first offer it to grantor, that grantee had entered into a contract to sell to a third person, and that

STORY *v.* WALCOTT.

grantor had offered to purchase the lands on the same terms and had tendered an amount equal to the consideration called for by that contract. *Held:* The ultimate question is whether the grantor in the deed or the third person in the contract to convey is entitled to specific performance, and therefore such third person is a necessary party to the action.

APPEAL by plaintiff from *Moore, Presiding Judge* of the Eighteenth Judicial District, heard 28 April, 1954, in Hendersonville, N. C., from POLK.

Plaintiff's appeal is from judgment sustaining defendant's demurrer to complaint.

The complaint, in substance, alleges:

1. Plaintiff conveyed to defendant certain lands in Polk County consisting of four separately described acreage tracts. The deed was filed for registration on the day of its execution and delivery, to wit, 27 September, 1946, and was duly recorded. It recites a consideration of "Ten Dollars and other considerations." The lands conveyed, in addition to descriptions by metes and bounds, are further identified as "adjoining the lands of James Pace, C. O. Story, R. S. Walcott, and others."

2. As part consideration for the sale and conveyance by plaintiff to defendant, the parties agreed in accordance with the following provision, appearing in the deed, viz.: "It is understood and agreed that in case the said party of the second part should desire to sell the land above described she will first offer the same to C. O. Story."

3. By recorded contract of 2 July, 1952, defendant has agreed to sell and convey the lands to the State of North Carolina for a stipulated consideration.

4. Defendant, notwithstanding her desire to sell the lands, failed to offer the same to plaintiff.

5. Plaintiff, on or about 19 June, 1953, upon discovery of defendant's said contract to sell, offered to purchase the lands on the same terms; prepared a proper deed for execution by defendant and tendered in cash an amount equal to the consideration called for by said contract of sale; and that defendant, in violation of the agreement set forth in her deed, refused and still refuses to sell and convey to plaintiff upon the terms she has agreed to sell and convey to the State of North Carolina.

6. Plaintiff is ready, able and willing to purchase the lands on said terms and seeks specific performance.

Defendant demurred on the ground that the provision in the deed, quoted above, is void (1) for indefiniteness, (2) for lack of mutuality of obligation, and (3) for failure of consideration.

*McCown, Lavender & McFarland for plaintiff, appellant.*
*Robert L. Whitmire, Jr., for defendant, appellee.*

BOBBITT, J. A grantee, by acceptance of a deed, "becomes bound by the stipulations, recitals, conditions, and limitations therein contained, even though he has not signed the deed." 26 C.J.S. pp. 259-260, Deeds, sec. 53. This rule is recognized generally and by this Court. 16 Am. Jur. p. 645, Deeds, sec. 358; *Raynor v. Raynor,* 212 N.C. 181, 193 S.E. 216; *Stephens Co. v. Lisk, ante,* 289, 82 S.E. 2d 99.

The crucial question is whether the quoted provision is void as an unlawful restraint upon alienation, repugnant to the nature of the estate granted, or valid as a personal pre-emptive right granted C. O. Story to purchase at such price as defendant is willing to sell to another. Appellee relies upon *Hardy v. Galloway,* 111 N.C. 522, 15 S.E. 890, 32 Am. St. Rep. 828. Appellant undertakes to distinguish the *Hardy case,* contending that the provision under consideration here imposes no unlawful restraint upon alienation. See: Restatement of the Law, Property, sec. 413; American Law of Property (1952), Vol. VI, pp. 506-512, secs. 26.64-26.67. For the reason stated below, we refrain from discussion of this question of law.

The complaint expressly alleges that defendant is under written contract to convey the lands to the State of North Carolina. Hence, the ultimate question for determination is whether plaintiff or the State of North Carolina is entitled to specific performance. This determination appears to turn on the validity of the provision in plaintiff's deed to defendant.

Decision now would be conclusive only as between plaintiff and defendant. A complete determination of the controversy cannot be made without the presence of the State of North Carolina. G.S. 1-73. It is not a party to this action, nor does it appear that it has had notice thereof. But its right, if any, to compel specific performance to it of the land concerned here would be vitally affected by the precedent of decision now made. Under the facts alleged it is entitled to be heard before decision is made. *Sheets v. Dillon,* 221 N.C. 426, 20 S.E. 2d 344.

Hence, the judgment sustaining demurrer is vacated and the cause remanded, with direction that the court below cause notice, with copy of the summons and complaint, to be served on the State of North Carolina, allowing it thirty (30) days from such service to make itself a party hereto, if it so desires, and assert its rights, if any, to the lands. Upon expiration of the time so prescribed, the court below will consider the cause *de novo* upon the pleadings then before it, without prejudice to any party on account of Judge Moore's judgment of 28 April, 1954, or on account of what is stated herein.

Remanded, with directions.