ELDA VETTORI v. S. S. FAY (WIDOWER), MARY BARNES AND HUSBAND, T. RUDOLPH BARNES; DOROTHY WALKER AND HUSBAND, DOUGLAS WALKER; GLORIA JUNK AND RAY JUNK; HORTENSE LOFTIN (WIDOW); AND ALL OF THE HEIRS-AT-LAW AND DEVISEES, IF ANY, OF JACK WILDEY, DECEASED; BLANCHE FALLS AND HUSBAND, JAMES H. FALLS, JR.; ALL UNKNOWN PARTIES HAVING OR CLAIMING ANY RIGHT, TITLE, INTEREST, OR ESTATE IN OR TO ALL OR ANY PART OF THE REAL PROPERTY DESCRIBED IN THE COMPLAINT IN THIS ACTION, INCLUDING BUT NOT LIMITED TO THE WIDOW, AND ALL OF THE HEIRS-AT-LAW AND DEVISEES, IF ANY, OF THOMAS LOFTIN, DECEASED; THE WIDOW AND ALL OF THE HEIRS-AT-LAW AND DEVISEES, IF ANY, OF JACK WILDEY, DECEASED.

(Filed 23 September, 1964.)

1. Deeds § 12—

The statute abolishing survivorship as an incident of joint tenancy, G.S. 41-2, does not prohibit written contracts making the future rights of the parties to depend upon survivorship, and a deed, accepted by the grantees,

conveying land to them and the heirs and assigns of the survivor creates the right of survivorship by contract.

**2. Deeds § 16—**

A duly executed and registered deed is an executed contract, and the grantee by acceptance of the deed becomes bound in its stipulations, recitals and limitations, even though he has not signed the instrument, and the subsequent execution of a mortgage by him is evidence of his acceptance of the deed according to its terms.

**3. Deeds § 7—**

The fact that a deed is registered raises a rebuttable presumption that it was duly executed and delivered.

**4. Husband and Wife § 2—**

Where a deed of bargain and sale conveys a joint tenancy in the grantees with right of survivorship, the subsequent marriage of one of the grantees does not sever the unity of title and possession. Constitution of North Carolina, Art. X, § 6.

Appeal by defendants from *Martin, S. J.,* January 6, 1964, Special Session of Buncombe.

Action to remove cloud from title to land.

Trial by jury was waived. The judge found, *inter alia,* the following facts: On 3 October 1940 T. C. Fogel and wife executed and delivered to plaintiff and Blanche Loftain a deed of bargain and sale, conveying a tract of land situate in Buncombe County. The deed was registered the same day in Book 528, at page 448, of the registry of Buncombe County. The granting clause contains the following: ". . . unto the parties of the second part their assigns as joint tenants and unto their heirs and assigns of their survivor forever." Habendum clause: ". . . unto the said parties of the second part their assigns, and the heirs and assigns of the survivor to the only use and behoof of them and their said heirs and assigns forever." Plaintiff and Blanche Loftain occupied the house located on the land. Thereafter, Blanche Loftain died intestate, leaving plaintiff surviving. The defendants are all of the heirs at law of Blanche Loftain.

The judge concluded that the deed created a joint tenancy and constituted a written contract between plaintiff and Blanche Loftain providing that the survivor of the two would own the land. Judgment was entered decreeing that plaintiff is the sole owner of the land. Defendants appeal.

*Lee, Lee & Cogburn for plaintiff.*
*Wade Hall for defendants.*

PER CURIAM. G.S. 41-2 abolished survivorship only where it follows as a legal incident to an existing joint tenancy. *Jones v. Waldroup,* 217 N.C. 178, 187, 7 S.E. 2d 366. It does not operate to prohibit persons from entering into written contracts as to lands so as to make future rights of the parties depend upon survivorship. *Bunting v. Cobb,* 234 N.C. 132, 135, 66 S.E. 2d 661. A deed, duly signed, sealed and delivered, is an executed contract. *Edwards v. Batts,* 245 N.C. 693, 698, 97 S.E. 2d 101. A grantee, by acceptance of a duly executed deed, becomes bound by the stipulations, recitals, conditions and limitations therein contained, even though he has not signed the deed. *Story v. Walcott,* 240 N.C. 622, 624, 83 S.E. 2d 498; *Raynor v. Raynor,* 212 N.C. 181, 193 S.E. 216. The public record of a registered and probated deed raises a rebuttable presumption that the original was duly executed and delivered. *Lance v. Cogdill,* 236 N.C. 134, 136, 71 S.E. 2d 918. In the case at bar, the court found as a fact that plaintiff and Blanche Loftain executed and delivered a deed of trust conveying the *locus in quo* as security for an indebtedness of $2000 payable to T. C. Fogel and wife, the grantors in the deed in question. The deed of trust is dated evenly with the deed and was registered 14 minutes after the deed was registered. This deed of trust furnishes evidence of the acceptance of the deed, according to its terms, by Blanche Loftain. The conclusion of the court that the deed was a written contract and that its provisions were binding upon and between the grantees is sustained.

The deed clearly provides for sole ownership in the survivor of the two grantees. The contention of defendants that the marriage of Blanche Loftain after the execution, delivery and acceptance of the deed severed the unity of title and possession is without merit. Constitution of North Carolina, Art. X, § 6; G.S. 52-1.

The judgment below is
Affirmed.