MRS. J. M. LITTLE AND S. E. LITTLE v. N. F. STEELE, W. H. NORTON, T. L. MATLOCK, ASSIGNEES, I. W. SOMERS, ATTORNEY IN FACT.

(Filed 2 November, 1938.)

1. **Banks and Banking § 16—When statutory liability of stockholder is reduced to judgment it becomes fixed asset for benefit of creditors.**

    The statutory liability of stockholders of a bank exists solely for the benefit of creditors of the bank, and the solvent bank has no property interest therein, but upon insolvency of the bank it is the duty of the Commissioner of Banks, upon taking over its assets, to reduce the statutory liability to judgment by the expeditious procedure provided by statute (Public Laws of 1927, ch. 113, subsec. 13; Michie's Code, 218 [c]), and when the statutory liability of a stockholder is thus reduced to judgment it becomes a fixed asset to be collected by the Commissioner of Banks and applied to the payment of creditors.

2. **Banks and Banking § 19: Judgments § 36—Commissioner of Banks may assign stock assessment judgment in sale of assets to pay creditors.**

When the statutory, contingent liability of a stockholder has been reduced to judgment and thus made a fixed liability of the stockholder, the Commissioner of Banks may collect same in the manner which to him appears most advantageous to the creditors of the bank, and when the total assets of the bank are insufficient to pay creditors in full, the Commissioner of Banks may sell and assign the stock assessment judgment with the consent and approval of the Superior Court, Public Laws of 1927, ch. 113, subsec. 7, and apply the proceeds of sale to the payment of creditors of the bank, and when this has been done the assignee of the judgment obtains title thereto and the judgment continues in force as a lien on the real estate of the judgment debtor unaffected by the fact that the judgment was assigned in the sale in bulk of the assets remaining after substantial liquidation, or the fact that no specific value was placed on the stock assessment judgment.

3. **Bills and Notes § 3—Cancellation of stock assessment judgment is valid consideration for notes executed to assignee of judgment.**

The Commissioner of Banks in the liquidation of the remaining assets of an insolvent bank, sold same in bulk to defendants. Among the assets so sold was a stock assessment judgment against the owner of land. After the judgment debtor's death, plaintiffs, the owners of the land by descent, attempted to sell the land, but the prospective purchaser required the cancellation of the stock assessment judgment. Thereupon, plaintiffs executed their notes to defendants for the amount of the judgment, and defendants canceled the judgment of record. *Held:* The judgment was regular on its face and constituted an apparent lien on the realty, and the cancellation of the judgment was a sufficient consideration for the notes, and plaintiffs are not entitled to the surrender and cancellation of the notes for want of consideration, even if it be conceded that the assignment of the judgment to defendants was void.

APPEAL by defendants from *Ervin, J.,* at February Term, 1938, of ALEXANDER. Reversed.

Civil action to procure the surrender and cancellation of two notes executed by plaintiffs payable to defendants.

J. M. Little, now deceased, was a stockholder in the Bank of Alexander at the time said bank was placed in process of liquidation. On or about 26 May, 1932, a stock assessment judgment was entered against him in the sum of $650.00. J. M. Little died 22 December, 1934, leaving surviving him Vensia Little, his widow, and S. E. Little, his son, plaintiffs herein.

Preparatory to the final liquidation of the bank the liquidating agent advertised for sale in bulk the uncollected assets of the bank, including said judgment, and pursuant to said advertisement sold said assets to the defendants. The sale was reported to and confirmed by the Superior Court of Alexander County and the Commissioner of Banks was directed

in the order of confirmation to transfer and assign said assets to the purchasers without recourse. Thereupon, the Commissioner of Banks, or his duly constituted agent, executed and delivered to the defendant a paper writing transferring and assigning said assets to defendants. Thereafter the plaintiffs undertook to sell a small parcel of land containing 4½ acres owned by J. M. Little at the time of his death. J. M. Alexander offered to purchase upon condition plaintiffs would procure a cancellation of the stock assessment judgment lien upon said land. Plaintiffs executed a note for $279.00 payable to W. H. Norton and one for $558.80 payable to N. F. Steele pursuant to an agreement that upon the execution and delivery of said notes defendants would cancel said judgment. Defendants canceled the judgment of record and plaintiffs perfected the sale of said land. They now allege that said judgment was not assignable and that the notes were executed without consideration.

The parties waived jury trial and consented for the court below to find the facts and enter judgment. After finding the facts the court concluded that the superadded liability of a stockholder is not assignable as a matter of law and that the admitted assignment of the stock assessment judgment against J. M. Little was and is invalid and without legal effect and vested no right or title in the purchasers; that the purported cancellation of the judgment was invalid and void and constituted no consideration in law for said notes, and that said notes were executed without any legal consideration therefor and are invalid and void. Judgment was thereupon entered requiring the surrender and cancellation of said notes. The defendants excepted and appealed.

*Ray Jennings and Burke & Burke for plaintiffs, appellees.*
*Scott & Collier for defendants, appellants.*

BARNHILL, J. The plaintiffs contend that the liability of stockholders for assessment in case of insolvency is a contingent asset and constitutes a trust fund for the benefit of depositors and creditors of the bank. They take the position that this liability is not an assignable asset of the bank, *Hood, Commissioner, v. Realty, Inc.,* 211 N. C., 583; and that it constitutes a trust fund to be equitably distributed for the benefit of all creditors, *Hood, Commissioner, v. Trust Co.,* 209 N. C., 367, 184 S. E., 51. It has been so held by this Court in the cases cited and relied on by plaintiffs and in many other decisions without exception. In each instance, however, the Court was discussing the double liability of stockholders prior to the rendition of judgment thereon.

The rights of a bank as a going concern and of the Commissioner of Banks as a statutory receiver in charge of an insolvent bank in process of liquidation in relation to this liability are distinctly different. A solvent bank has no property interest in the contingent fund thus provided for by statute. It exists solely for the protection of creditors of the bank. On the other hand, so soon as the Commissioner of Banks assumes control of an insolvent bank for the purpose of liquidation it becomes his duty to reduce the liability to judgment and thus make it a fixed and available asset to be applied to the payment of creditors.

To the end that an expeditious and inexpensive method might be provided to enable the Commissioner of Banks to make this fund quickly available, C. S., 218 (c), was revised, amended and reënacted in 1927. Public Laws 1927, ch. 113; Michie's Code of 1935, sec. 218 (c). After the expiration of thirty days from the date of the filing of the notice of the taking possession of a bank, in the office of the clerk of the Superior Court, the Commissioner of Banks may levy an assessment equal to the stock liability of each stockholder in the bank and shall file a copy of such levy in the office of the clerk of the Superior Court, which shall be recorded and indexed as judgments, and shall have the force and effect of a judgment of the Superior Courts of this State; and the same shall become due and payable immediately. And all sums collected under the levy shall become immediately available as general assets of the bank for distribution as other assets. Public Laws 1927, ch. 113, subsection 13. When judgment is so rendered it becomes a fixed liability of the stockholder and is a general assignable asset to be collected by the Commissioner of Banks in the manner which to him appears to be the most advantageous and beneficial to creditors. He has the authority, by and with the consent and approval of the Superior Court, to sell, compromise or compound any bad or doubtful debt or claim, and upon such approval may sell the real and personal property of such bank. Public Laws 1927, ch. 113, subsection 7.

The judgment rendered against J. M. Little became and was a general asset of the bank. It was sold by the Commissioner of Banks under authority of the Superior Court. Upon the assignment thereof title thereto vested in the defendants and it continued in force as a lien upon the real estate of the judgment debtor. Neither the fact that the uncollected assets of the bank remaining after it had been substantially liquidated were sold in bulk, nor the fact that in said sale no particular valuation was placed upon the stock assessment judgment affects the regularity of said sale or the validity of the transfer of assets so sold. The Commissioner of Banks pursued a method of realizing upon this judgment which is specifically authorized by statute and, admittedly,

he received the consideration paid therefor which, together with the other assets of the bank, was insufficient to pay creditors in full.

In any event the judgment was regular upon its face and constituted an apparent lien upon the land plaintiffs desired to sell. The purchaser required the cancellation of the judgment before he would buy. Even if it be conceded that the judgment was invalid for the reasons alleged by plaintiff, it constituted a cloud on the title of the plaintiffs. There-fore, its cancellation was a sufficient consideration for the execution of the notes in controversy.

We conclude that the notes executed by plaintiffs which they now seek to have surrendered and canceled are valid subsisting obligations based on a legal and valuable consideration. This conclusion is not in conflict with any former decision of this Court.

The judgment below is
Reversed.