A. S. BUMGARDNER v. BARNEY LEE GROOVER AND WIFE, MARY LEE GROOVER, AND MRS. MARIETTA GRANT.

(Filed 21 November, 1956.)

**1. Pleadings § 15—**

The sufficiency of a further answer and defense and cross-action may be tested by demurrer. G.S. 1-141.

**2. Bills and Notes § 3—**

A pre-existing debt, or a release or waiver of a legal right, or a forbearance to exercise a legal right, is sufficient consideration to support a note.

**3. Same—**

While neither a debt due by a father and mother nor the fact of the relationship is sufficient consideration to support the execution of a note by the daughter, forbearance to exercise a legal right against the parents is sufficient consideration.

**4. Bills and Notes § 29—Allegations that note sued on was executed for money borrowed to pay installment due on another note executed to plaintiff held no defense.**

This action was instituted by an endorser before delivery, who had paid the note to the payee, against a husband and wife and daughter who had executed the note. The answers alleged that the husband and wife had executed a mortgage note in a much larger sum to plaintiff, that they were in arrears on the mortgage note, and that the note sued on was executed for money borrowed to pay a delinquent installment on the mortgage note. *Held:* Forbearance of foreclosure on the mortgage note was sufficient consideration for the execution of the note sued on, both in regard to the husband and wife and to the daughter, and therefore plaintiff's demurrer to the further answer setting up want of consideration was properly sustained.

**5. Same—Agreement to reconvey in satisfaction of mortgage note held no defense in action on another note for money borrowed to pay installment on mortgage note.**

This action was instituted by an endorser before delivery, who had paid the note to the payee, against husband and wife and daughter who had executed the note. The answers alleged that the husband and wife had purchased land from plaintiff, giving a purchase money note therefor under an agreement that if they could not pay the mortgage note they would reconvey the land in satisfaction, and that the note sued on was given for money borrowed to pay a delinquent installment on the mortgage note. Defendants, husband and wife, further alleged that they were willing to reconvey and sought recovery of sums theretofore paid on the mortgage note. *Held:* The alleged parol agreement to reconvey related to the mortgage note and not the note in suit, and further the agreement does not provide that money paid on the mortgage note should be refunded upon reconveyance, but only for cancellation upon reconveyance of the mortgage note as then

partially paid, and therefore the allegations of the answers constitute no defense and were properly stricken upon motion.

JOHNSON, J., not sitting.

APPEAL by defendants from *Campbell, J.,* February "A" Civil Term 1956 of MECKLENBURG.

Civil action to recover amount paid on a promissory note by plaintiff under his liability as endorser thereon.

The allegations of the complaint are in substance as follows: On 8 January 1953 the defendants executed a promissory note under seal in the amount of $1,484.62 payable to the Union National Bank of Charlotte. The note recites that for value received the defendants promise to pay the bank $1,484.62, with interest after maturity, in consecutive monthly installments beginning on 26 January 1953—14 installments being for $100.00 and the last one for $84.62—: failure to pay any installment when due shall, at the option of the payee or assignee, render the whole note immediately due. Plaintiff endorsed this note on behalf of the defendants to enable them to obtain the sum of $1,484.62 from the bank. The makers of the note made five consecutive payments of $100.00 each on the note, and thereafter defaulted in five consecutive payments. After such defaults the bank declared the remainder due on the note, to-wit, $984.62, due and payable, and after demand for the payment of this amount from the makers, and their refusal to pay, gave notice of such demand and default to the plaintiff endorser. On 12 November 1953 the plaintiff as endorser paid the bank $984.62, and is now the holder of the note. He made demand upon the defendants for payment to him on the note of $984.62, and upon their refusal to pay, he instituted this action, and prays judgment against them for that amount with interest.

This is a summary of the joint answer of defendants: They admit their execution of the note to the bank, and that plaintiff endorsed the same, but allege that plaintiff, endorsed the note to obtain the money for himself, and that it was without any consideration to them. They admit that one of the defendants Barney Lee Groover made five payments of $100.00 each on the note, and thereafter the defendants made no further payments on the note, and that on 12 November 1953 the balance due and payable on the note was $984.62. They admit that plaintiff on 12 November 1953 paid the bank on the note $984.62 by virtue of his liability as endorser thereon. They admit that plaintiff made demand on the defendants Barney Lee Groover and wife Mary H. Groover to pay him $984.62.

The defendants as a first further answer and defense, and as a cause of action for affirmative relief allege in substance as follows: On 1 July 1952 plaintiff and the defendants Barney Lee Groover and wife Mary

H. Groover entered into an agreement, part of which was in writing and part oral, and pursuant to the agreement plaintiff conveyed to them a farm for the price of $15,000.00, and these two ·defendants executed and delivered to plaintiff their note for $15,000.00 secured by a deed of trust on the farm. This note was payable $1,000.00 a year, with 5% interest, beginning on 1 January 1953 and including 1959, and $2,000.00 on 1 January 1960. On 1 January 1953 these two defendants were unable to make the $1,000.00 payment due. Shortly thereafter plaintiff induced these two defendants and their daughter the defendant Marietta Grant to execute to the Union National Bank of Charlotte the note described in the complaint, which plaintiff endorsed. Plaintiff received the entire amount loaned by the bank on the note, and defendants received nothing, and as to them the note is without consideration. The note executed to the bank represents part of the identical money represented by the note for $15,000.00, which bears 5% interest, and if plaintiff can recover on the note set forth in his complaint he will be recovering on a note for money included in the $15,000.00 note, and interest of 6% on part of the same money represented by the $15,000.00 note. The defendant Marietta Grant had no connection with the purchase of the farm. The note sued upon is void, and plaintiff is not entitled to recover thereon. Wherefore, the defendant Barney Lee Groover prays for a recovery from plaintiff of the amount of $500.00 he paid on the note, with interest.

The defendants as a second further answer and defense allege in substance: The purchase of the farm for $15,000.00, as set forth in their first further answer and defense. That according to the contract of purchase the defendants Barney Lee Groover and wife were to make improvements on the farm, and put the land, which had not been cultivated for 7 years, in a state of cultivation, so that if these two defendants had to give up the farm, the plaintiff would lose nothing. That these two defendants have made improvements on the land of the value of $1,500.00. That at the time of purchase, it was agreed by plaintiff and these two defendants that if they could not keep up the payments on their purchase money note, they would re-convey the farm to plaintiff, who would mark the note paid and satisfied, and surrender it to them. These two defendants have not been able to keep up the payments, and now are ready and able to re-convey the farm to plaintiff "upon the cancellation and surrender to them of all notes which they have executed, and which are now held by the plaintiff." That by reason of their agreement the note sued upon in this action and all other obligations of these two defendants to plaintiff have been settled, and plaintiff is estopped to maintain this action.

Plaintiff demurred to the first further answer and defense and cause of action for affirmative relief of the defendants on the ground that it

does not constitute a counter-claim and defense, and does not state a cause of action for affirmative relief, in that the two defendants admit they owed plaintiff $1,000.00 on 1 January 1953, that the defendants admit they executed a note to the Union National Bank of Charlotte for the payment of this amount, and subsequently paid $500.00 on their note to the bank, and they have no legal right to recover the $500.00 they paid the bank.

Plaintiff made a motion that the entire second further answer and defense be stricken from the answer for that it is entirely immaterial, irrelevant and incompetent and that plaintiff would be prejudiced and damaged, if it were permitted to remain in the answer.

Plaintiff made a second motion to strike the second further answer and defense on the ground that it alleges no defense to plaintiff's action as it is an attempt to vary or modify a written agreement by verbal evidence, and on the further ground that the purported oral agreement relating to the sale of real estate is not valid because not in writing: that evidence in support of the allegations would be incompetent and prejudicial.

The court entered an order sustaining the demurrer, and allowing the motions to strike.

At the trial the plaintiff offered evidence: the defendants none. The jury found for its verdict that the plaintiff was entitled to recover of the defendants $984.62 with interest from 12 November 1953.

From judgment upon the verdict the defendants except and appeal.

*B. Kermit Caldwell for Plaintiff, Appellee.*

*J. C. Sedberry for Defendants, Appellants.*

PARKER, J. With the exception of formal assignments of error, the defendants have only two assignments of error: one, to that part of the order sustaining the demurrer to the first further answer and defense and cause of action for affirmative relief, and two, to that portion of the order allowing the motion to strike from the answer the entire second further answer and defense.

This is not an action based on the $15,000.00 note executed and delivered to plaintiff by the defendants Barney Lee Groover and wife, Mary Lee Groover, as a purchase money note for a farm, and secured by a deed of trust on the property. This is an action to recover from the defendants $984.62 which the plaintiff paid the Union National Bank of Charlotte by reason of his liability as an endorser on defendants' sealed note for $1,484.62, which the defendants admit they executed and delivered to the bank with the plaintiff as an endorser thereon, and which note the plaintiff now holds.

In essence the allegations of defendants' first answer and defense, and cause of action for affirmative relief are these: The Union National Bank of Charlotte loaned the defendants $1,484.62 on their note under seal for that amount, endorsed by plaintiff, which sum was paid to plaintiff as a payment on the $1,000.00 installment past due on the purchase money note of $15,000.00 of Barney Lee Groover and wife, Mary Lee Groover, and of the accrued interest on this note, that Barney Lee Groover paid the bank $500.00 on this note, that the defendants defaulted in the payment of the remainder due on their note held by the bank, that the plaintiff by virtue of his liability as endorser on their note held by the bank paid the remainder due on the note, to-wit, $984.62, and is now the holder of the note, that their note executed and delivered to the bank is null and void, becaused based on no consideration as to them, and that plaintiff is entitled to recover nothing on the note transferred to him by the bank, and Barney Lee Groover is entitled to recover from plaintiff the $500.00 he paid the bank on the note. In this part of their answer the defendants allege the note they executed and delivered to the bank "represents part of the identical money represented by the said note and deed of trust for $15,000.00."

Whether the allegations of defendants' first answer and defense, and cause of action for affirmative relief are sufficient can be tested by a demurrer. G.S. 1-141; *Jenkins v. Fields,* 240 N.C. 776, 83 S.E. 2d 908.

Accepting these allegations as true, this is the situation presented. The defendants make no contention that the purchase money note for $15,000.00 is not based upon an adequate legal consideration. They admit that the $1,000.00 installment payment due on this note 1 January 1953 was past due, when they executed and delivered their sealed note to the bank, and it is manifest from the allegations that this note was used by them to obtain money to pay this past due installment, which installment payment Barney Lee Groover and his wife justly and lawfully owed, and for which payment they are entitled to credit on their $15,000.00 note. It seems that the rest of the money secured from the bank was used to pay accrued interest on the $15,000.00 note, and they are entitled to credit for that payment. It also seems plain that the payment was made by the defendants to prevent a foreclosure of the deed of trust, and to permit Barney Lee Groover and wife to retain possession of the farm, because it nowhere appears in the Record that the deed of trust on the farm has been foreclosed, or that Barney Lee Groover and wife are not in possession of the farm. Certainly by accepting payment of this past due installment plaintiff waived and surrendered his right to foreclose the deed of trust by reason of the non-payment of the $1,000.00 installment due 1 January 1953 on the $15,000.00 note, and to proceed to judgment on the note, and the amount

he received is a proper credit for the makers of the $15,000.00 note on the note.

G.S. 25-30 (Negotiable Instruments) reads in part: "An antecedent or pre-existing debt constitutes value, and is deemed such whether the instrument is payable on demand or at a future time." "And it is well settled that a pre-existing, valid and enforceable indebtedness or liability of a contracting party constitutes a sufficient consideration to support his undertaking on a bill or note. Consequently, it is generally held that a bill or note given for practically any kind of pre-existing debt or liability of the maker or drawer is supported by a consideration. . . ." 10 C.J.S., Bills and Notes, p. 604.

Undoubtedly, the release or waiver of a legal right, or a forbearance to exercise a legal right, is a sufficient consideration to support a note made on account of it. *Searcy v. Hammett,* 202 N.C. 42, 161 S.E. 733; *Exum v. Lynch,* 188 N.C. 392, 125 S.E. 15; *Lowe v. Weatherley,* 20 N.C. 355; 10 C.J.S., Bills and Notes, p. 618.

So far as Barney Lee Groover and wife, Mary Lee Groover, are concerned their sealed note to the bank, according to the allegations of their first further answer and defense and cause for affirmative relief, was based upon a valid consideration, and Barney Lee Groover is not entitled to recover from plaintiff the $500.00 he paid to the bank. As to them the demurrer was properly sustained.

Mrs. Marietta Grant, daughter of the other two defendants, says that she was not a party to the purchase of the farm, did not sign the $15,000.00 purchase money note, and that there was no consideration so far as she was concerned in respect to the note she executed with her parents and delivered to the bank. In 10 C.J.S., Bills and Notes, pp. 619 and 620, it is written: "It is well settled that the discharge, release, or forbearance of a right or claim against a third person, at the instance or request of the obligor, is sufficient consideration to support the latter's undertaking on a bill or note. A bill or note given in payment or extinguishment of a debt or liability of a person other than the maker is supported by consideration, although the debtor is wholly without means, or although the maker mistakenly believed that he was in turn indebted to the debtor. It is apparent, therefore, that if a bill or note of a relative or spouse of a debtor has been taken in discharge or payment of the indebtedness, or has induced a forbearance thereon, the instrument is supported by consideration, although, as already noted, neither the debt itself, see *supra* sec. 150 d, nor the interest or affection attendant on the relationship involved, see *supra* sec. 148, would of itself have been sufficient to sustain the undertaking."

In *Bank v. Harrington,* 205 N.C. 244, 170 S.E. 916, it was held that the cancellation and surrender of deceased husband's notes to widow constituted a sufficient consideration for widow's notes. The Court

said: "In the instant case the plaintiff had surrendered the notes of the deceased husband, and thereby discharged his estate from liability for said notes.  8 C.J., 219.  This was a sufficient consideration for the notes sued on in these actions."

In *Searcy v. Hammett, supra,* the second headnote in our Reports correctly states: "Where the creditor of a corporation accepts its notes endorsed by its stockholders and directors in settlement of the debt he extends the maturity of the debt and gives up his right to reduce the debt to judgment until after the maturity of the notes, and the endorsement of such notes by a stockholder and president of the corporation is supported by a legal consideration, and he is liable thereon . . ."

Accepting as true the allegations of the defendants' first further answer and defense, when the plaintiff received the proceeds from the bank of the note executed by Mrs. Marietta Grant and her parents it constituted a payment of the $1,000.00 installment past due on her parents' $15,000.00 note, and plaintiff waived and surrendered his legal right to foreclose the deed of trust on the farm by their failure to pay this installment when due, and his legal right to proceed to judgment on the $15,000.00 note, and such payment and such forbearance is a sufficient consideration for the note executed and delivered by Mrs. Grant and her parents, as to them and as to her.  Accepting the allegations of the first further answer and defense as true, it alleged no defense for Mrs. Grant and her parents, and no ground for affirmative relief, and as to Mrs. Grant and her parents the demurrer was correctly sustained.

The essence of defendants' second further answer and defense is this: That contemporaneously with the execution of the purchase money note for $15,000.00, secured by deed of trust upon the farm conveyed to the makers of the note, the plaintiff, the seller, agreed with Barney Lee Groover and wife, the makers of the note, that if they could not keep up the payments on the $15,000.00 note as provided, they could re-convey the farm to plaintiff, and plaintiff would mark the note and deed of trust "paid and satisfied" and surrender them to the makers.  That they have not been able to keep up the payments, and are ready and willing, as they have been at all times, to convey the farm to plaintiff upon the cancellation of and surrender to them of all notes of theirs held by plaintiff, and that by reason of this oral agreement the note sued on, and all other obligations of theirs, have been settled, and plaintiff is estopped to maintain this action.

According to these allegations the parol agreement was to cancel the $15,000.00 note and the deed of trust securing it under certain conditions.  No such agreement is alleged as to the note for $1,484.62, or any other note.  The alleged parol agreement does not provide that any money paid to plaintiff on the $15,000.00 note by Barney Lee Groover and wife, Mary Lee Groover, shall be repaid to them by plaintiff, if they

could not keep up the payments on the note, and re-conveyed the farm to plaintiff. Therefore, if a payment has been made on the note by the defendants, the cancellation according to the alleged oral agreement would be of the $15,000.00 note partially paid and the deed of trust securing it. That is manifest, because under such circumstances it would no longer be a note for the payment of $15,000.00. There is no allegation that defendants offered before or at the time the $1,484.62 note was executed by them to re-convey the farm to plaintiff, and demanded the cancellation of the $15,000.00 note and deed of trust, though they allege they have always been ready to do so. However, their acts in executing the $1,484.62 note and payment of $500.00 on it do not show a willingness to re-convey the farm at that time. There is no allegation that Barney Lee Groover and wife are not now in possession of the farm.

If the plaintiff brings an action to foreclose the deed of trust, or if Barney Lee Groover and wife bring an action to cancel the note and deed of trust, then the question as to whether the alleged parol agreement, if there was one, runs counter to the terms of the written instruments, and all other attendant questions, can be presented for decision. See *Coral Gables, Inc. v. Ayres,* 208 N.C. 426, 181 S.E. 263; *Stanback v. Haywood,* 209 N.C. 798, 184 S.E. 831.

Accepting the allegations of the second further answer and defense as true, it alleges no defense to plaintiff's cause of action in the instant case. The alleged parol agreement does not cover the $1,484.62 note. These allegations are clearly irrelevant, and the facts which these allegations relate were incompetent in evidence in this action. The court properly struck this second further answer and defense from the answer, upon plaintiff's motions. *Daniel v. Gardner,* 240 N.C. 249, 81 S.E. 2d 660.

No error.

JOHNSON, J., not sitting.