PENN COMPRESSION MOULDING, INC. v. MAR-BAL, INC.

No. 8411SC149

(Filed 5 March 1985)

**Contracts § 4.2— contract for commissions on referred business—insufficient consideration**

The trial court erred in granting summary judgment for plaintiff in an action to recover commissions under an alleged contract where defendant had to promise to pay a commission on business referred by plaintiff in order to force plaintiff to pay its overdue account. There was no valid enforceable contract due to a lack of legally sufficient consideration, and defendant was entitled to judgment as a matter of law.

Judge PHILLIPS dissenting.

APPEAL by defendant from *Bailey, Judge.* Judgment entered 8 November 1983 in Superior Court, JOHNSTON County. Heard in the Court of Appeals 26 October 1984.

This is an action to recover commissions pursuant to an alleged contract between plaintiff and defendant. From the granting of plaintiff's motion for summary judgment and the entry of judgment for plaintiff, defendant appeals.

*Mast, Tew, Armstrong & Morris, P.A., by George B. Mast and L. Lamar Armstrong, Jr., for plaintiff appellee.*

*Narron, O'Hale, Whittington and Woodruff, P.A., by Gordon C. Woodruff and John P. O'Hale, for defendant appellant.*

JOHNSON, Judge.

The issue presented by this appeal is whether the trial court erred in granting summary judgment for plaintiff. For the following reasons, we hold the court erred in granting summary judgment for plaintiff.

In ruling upon a motion for summary judgment, the court must determine from the materials before it whether a genuine issue of material fact exists, and if not, whether a party is entitled to judgment as a matter of law. G.S. 1A-1, Rule 56(c); *Kessing v. National Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971). The materials before the trial court in the present case showed the following:

Plaintiff and defendant were business competitors in the manufacturing of insulators. From at least May 1977 until December 1978, plaintiff purchased a line of insulators which it was not producing from defendant. In August 1977, plaintiff approached defendant about a job for Cutler-Hammer, Inc. which plaintiff was unable to perform and asked defendant if defendant could perform it. Defendant proceeded to manufacture these insulators for Cutler-Hammer, Inc. Somewhere along the way, plaintiff and defendant had a disagreement and plaintiff discontinued purchasing insulators from defendant.

In a letter dated 26 October 1978, plaintiff, through its president, R. S. Robinson, wrote defendant a letter to the attention of Mr. Jim Balough, defendant's president, confirming a telephone conversation that they had had earlier. In this letter, Robinson expressed his dismay over the cancellation of an order placed with plaintiff by Cutler-Hammer and the transfer of that business to defendant. Robinson also indicated in the letter that Robinson and Balough had discussed a sales commission during the telephone conversation. Balough had offered to pay a 5% commission but Robinson objected, demanding a 10% commission on sales to Cutler-Hammer. According to the letter, Balough agreed to consider a 10% commission and to advise Robinson further.

By letter dated 5 December 1978, defendant, through Balough, demanded payment from plaintiff for all overdue invoices from plaintiff, in the total amount of $13,568.25. The letter reads in pertinent part as follows:

Please submit the total amount due $13,568.25, by December 15, 1978. If a check is not received for the total amount due by December 22, 1978, I will then turn this case over to my Law Firm and Collection Agency. However, if total payment arrives as mentioned above, I will then start paying Penn Compression a 7% commission or $.0924 per part for the

Cutler-Hammer Plug-In Insulators. As of now, I have orders for 60,000 parts of which I have already shipped 22,298 pieces. This amounts to $2,060.33 in commission for you. I will mail you a check for the above amount as soon as I received (sic) payment from Cutler-Hammer, Inc.

In response to defendant's letter, Robinson wrote a letter dated 14 December 1978 in which he referred to a telephone conversation with Balough on 16 November 1978, in which they agreed to pay the invoices when an agreement on the commissions for Cutler-Hammer could be reached. Plaintiff, through Robinson, accepted defendant's offer of a 7% commission. Robinson also enclosed a check in the amount of $11,507.92, which represented payment on defendant's invoices ($13,568.25) less a 7% commission on $29,433.36 ($2,060.33), the price of goods shipped to Cutler-Hammer by defendant. The letter also contained the following statement:

By endorsement of this check the following is agreed upon:

(1) Commission at the rate of 7% will be paid to Penn Compression Moulding, Inc. on all business received by Mar-Bal from Cutler-Hammer for Plug-In Insulators part number 56-3989.

(2) The above commission to be paid within 60 days of invoice. . . .

On the back of the check, plaintiff typed the following notation: "Endorsement of this check signifies agreement to terms of letter dated Dec. 14, 1978."

Defendant endorsed and negotiated the check sometime before the end of 1978.

Plaintiff alleged in its complaint that the parties entered into a contract for the payment of commissions on all business placed with defendant by Cutler-Hammer for a certain insulator. It sought to recover commissions due on all of these insulators sold to Cutler-Hammer by defendant. Defendant denied the existence of a contract for the payment of commissions in its answer.

In order for a contract to be enforceable, it must be supported by consideration. *Investment Properties of Asheville, Inc. v. Norburn*, 281 N.C. 191, 188 S.E. 2d 342 (1972). Such considera-

tion to support a contract has been defined as some benefit or advantage to the promisor or some loss or detriment to the promisee. *Carolina Helicopter Corp., v. Cutter Realty Co.*, 263 N.C. 139, 139 S.E. 2d 362 (1964). Generally, a promise to perform a pre-existing obligation is not sufficient consideration in exchange for a promise by the adverse party. *Anthony Tile and Marble Co. v. H. L. Coble Construction Co.*, 16 N.C. App. 740, 193 S.E. 2d 338 (1972). In the case *sub judice*, it is undisputed that plaintiff owed defendant $13,568.25 for goods it had received from defendant. The forecast of evidence tends to show that in order for defendant to force plaintiff to pay its overdue account, defendant had to promise to pay a commission of 7% on business plaintiff referred to defendant. In exchange for this promise to pay a commission, plaintiff, however, incurred no loss or detriment. It was already under an obligation to pay defendant on its overdue account.

Plaintiff contends that its forbearance from pursuing its claim for a commission of 10% constituted sufficient consideration for the alleged contract to pay it commissions. This contention is without merit. There is no evidence that plaintiff had a legal right to any commission. There is no evidence that defendant ever authorized Robinson or plaintiff to act as its sales agent, or that defendant solicited plaintiff's help in procuring the business of Cutler-Hammer.

Due to the lack of legally sufficient consideration, there was no valid enforceable contract requiring defendant to pay plaintiff a commission. There being no genuine issue of material fact as to the lack of consideration, defendant was entitled to judgment as a matter of law. The trial court's judgment must therefore be reversed and the cause remanded for the entry of a judgment in accordance with this opinion.

Reversed and remanded.

Judge WHICHARD concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

In my opinion, the majority has gone too far and I can go only part of the way with them. I agree that the trial court erred

in rendering summary judgment for the plaintiff, but I disagree that plaintiff's claim should be dismissed as a matter of law. The evidence, I think, raises issues of fact for the jury, including what the parties agreed to, if anything, and whether such agreement was supported by a consideration.