SAM STOCKTON GRADING COMPANY, INC. v. WILLIAM C. HALL AND
FRANK J. HALL

JOHNSON PAVING COMPANY, INC. v. WILLIAM C. HALL AND FRANK J.
HALL

No. 9229SC763
No. 9229SC765

(Filed 17 August 1993)

1. **Negotiable Instruments and Other Commercial Paper § 29 (NCI4th)— promissory note in exchange for release of judgment lien—consideration**

    The execution of a promissory note is supported by consideration if given in exchange for the release of a lien on real property.

    **Am Jur 2d, Bills and Notes § 215 et seq.**

2. **Interest and Usury § 5 (NCI4th)— promissory notes in exchange for release of judgment liens—proper date for computing interest**

    Where defendants executed promissory notes on 14 January 1986 in exchange for releases of judgment liens on real property which defendants wanted to sell, and they agreed to pay the face amount of the notes "with interest from date" at the rate of six percent, the trial court erred in awarding interest from 2 January 1976, the date from which the original judgments calculated interest.

    **Am Jur 2d, Interest and Usury §§ 87-98.**

    Judge WYNN dissenting.

Appeal by defendants from orders filed 23 April 1992 in McDowell County Superior Court by Judge Julia Jones. Heard in the Court of Appeals 10 June 1993.

*Dameron and Burgin, by Anthony Lynch, for plaintiff-appellee Sam Stockton Grading Company, Inc.*

*No brief filed for plaintiff-appellee Johnson Paving Company, Inc.*

*Carnes and Franklin, P.A., by Everette C. Carnes, for defendant-appellants.*

GREENE, Judge.

William C. Hall and Frank J. Hall (the Halls), defendants in these consolidated cases, *see* N.C. R. App. P. 40 (1993) (this Court may, on its own initiative, consolidate cases which involve common issues of law), appeal from the trial court's grant of summary judgment for Sam Stockton Grading Company, Inc. (Stockton) and Johnson Paving Company, Inc. (Johnson), on their separate claims to recover on notes.

Stockton and Johnson's predecessor in interest, R.L. Johnson and Son Paving Company, obtained separate judgments against the Halls, both of which were filed 28 September 1978, in McDowell County. Stockton's judgment was in the amount of $37,163.00 and Johnson's predecessor's judgment in the amount of $11,476.13. Both judgments recited that the judgment amounts were to be paid "together with interest . . . from the 2nd day of January, 1976."

In early 1986, the Halls had the opportunity to sell certain real property which was subject to the liens of the judgments held by Stockton and Johnson. On 14 January 1986, the Halls entered into written agreements with Stockton and Johnson. Under the agreement with Stockton, the Halls made a $20,000.00 payment on the judgment and Stockton released the judgment lien on the real property which the Halls wanted to sell. Under the agreement with Johnson, the Halls made a $5,000.00 payment on the judgment and Johnson released the lien held by it on the real property. Both agreements recite that they are "secured by" promissory notes incorporated by reference into the agreement. The Stockton promissory note, dated 14 January 1986, required the Halls to pay Stockton, on demand, the sum of $46,553.30, together with interest "from date" at the rate of six percent. The Johnson promissory note, also dated 14 January 1986, required the Halls to pay Johnson, on demand, the sum of $15,552.00, together with interest "from date" at the rate of six percent. Both notes recite that they are "executed for the sole and limited purpose of reaffirming the balance due on the . . . outstanding judgment."

On 16 May 1991, Stockton and Johnson filed complaints seeking payment of the notes. The Halls answered, denying that they were obligated on the notes. All parties subsequently moved for summary judgment, and each filed an affidavit. The trial court granted Stockton and Johnson's motions for summary judgment in separate

decrees on 23 April 1992, awarding each the amount of their notes, plus interest accrued from 2 January 1976.

---

The issues presented are whether (I) the execution of a promissory note is supported by consideration if given in exchange for the release of a lien on real property; and, if so, (II) the trial court erred in granting interest on the notes from 2 January 1976.

I

[1] In order to recover on the notes it was necessary for Stockton and Johnson to show execution, delivery, consideration, demand and nonpayment. *See Royster v. Hancock*, 235 N.C. 110, 112, 69 S.E.2d 29, 30-31 (1952). There is no dispute that the notes were properly executed and delivered, that they are not paid and that timely demands were made. The parties do dispute whether the notes were given for consideration.

The evidence reveals that on the same day the parties executed the notes, they executed agreements wherein it was agreed that upon payment of specified sums by the Halls, $20,000.00 to Stockton and $5,000.00 to Johnson, and upon execution of the notes, Stockton and Johnson would release, from their 1978 judgment liens, the real property owned by the Halls. The property was released and later sold by the Halls.

A new promise to perform an act the promisor is otherwise legally bound to perform is not supported by consideration. *Penn Compression Moulding, Inc. v. Mar-Bal, Inc.*, 73 N.C. App. 291, 294, 326 S.E.2d 280, 282, *aff'd per curiam*, 314 N.C. 528, 334 S.E.2d 391 (1985); 17 C.J.S. *Contracts* § 111 (1963) (no consideration for promise to pay valid judgment). When, however, the new promise entails some additional benefit to be received by the party making the promise or some detriment to the promisee, the new promise is supported by consideration. *See Penn*, 73 N.C. App. at 293-94, 326 S.E.2d at 282 (consideration to support a contract "defined as some benefit or advantage to the promisor or some loss or detriment to the promisee"); *Anthony Tile and Marble Co., Inc. v. H.L. Coble Constr. Co.*, 16 N.C. App. 740, 744, 193 S.E.2d 338, 341 (1972).

In this case, although executed for the purpose of "reaffirming" a debt due on a recorded judgment, the notes were also executed on the condition that Stockton and Johnson would release from

SAM STOCKTON GRADING CO. v. HALL

[111 N.C. App. 630 (1993)]

the liens created by their judgments certain properties owned by the Halls. The release of the liens was not only a benefit to the Halls, in that they were allowed to sell the property free of the liens, but also a detriment to Stockton and Johnson, in that their security for the debts was diminished. Therefore, there existed sufficient consideration for the execution of the notes.

Because there is no genuine issue of fact presented in these cases, and because there was consideration for the execution of the notes, Stockton and Johnson are entitled to judgment as a matter of law. *See Parks Chevrolet, Inc. v. Watkins*, 74 N.C. App. 719, 721, 329 S.E.2d 728, 729 (1985) (summary judgment proper for party with burden of proof where no genuine issue of fact, no inferences inconsistent with recovery, and no standard to be applied to facts by jury).

II

[2] The Halls also argue that the trial court incorrectly awarded interest on the notes. We agree.

The promissory notes recite that the Halls agreed to pay the face amount of the note, "with interest from date" at the rate of six percent. The date of the promissory notes is 14 January 1986. Therefore, under the terms of the notes, the trial court's award of interest from 2 January 1976 was error.

Accordingly, the portion of the trial court's order granting interest on the notes from 2 January 1976 is reversed, and the matter is remanded for the entry of orders reflecting interest from the date of the promissory notes.

Affirmed in part, reversed in part, and remanded.

Judge JOHNSON concurs.

Judge WYNN dissents.

Judge WYNN dissenting.

I respectfully dissent from Part I of the majority opinion because I find that there exists a genuine issue of material fact regarding the existence of consideration for the execution of the promissory notes.

The majority asserts that consideration for the promissory notes exists because the plaintiffs agreed to release properties from the judgment liens. The agreements regarding the release of those properties, however, specifically state that the properties were released from the judgment lien in consideration of the defendants' payment against the accrued interest of the judgment. Such an agreement is not uncommon, as it is an accepted practice in the real estate trade for the holder of a judgment to release property to the owner in consideration for the payment of a certain amount toward the judgment.

I acknowledge that the agreements regarding the release of the properties also state that "[i]t is hereby mutually agreed that no other parcel of real property which is presently owned by either of [the defendants] shall be released in any manner by this agreement, which is hereby secured by a promissory note executed by [the defendants] to [the plaintiffs], in the principle sum of the present outstanding balance of said judgment . . . ." However, I do not read this language to indicate that the release of the properties was contingent upon the execution of the promissory notes. Rather, it merely reinforces that only the properties indicated in the agreements are to be released, that the judgments otherwise stand, and that the promissory notes, as incorporated into the agreements, act to reaffirm the existence of the original judgments. In fact, such an interpretation is supported by the promissory notes themselves, which state on their faces that they were "executed for the sole and limited purpose of reaffirming the balance due on the principle and interest of [those] certain outstanding [judgments] against the [defendants]. . . ."

The majority opinion implicitly allows the defendants to be obligated to the plaintiffs twice for one debt. If the promissory notes are enforceable, the original judgment and the subsequent promissory note represent two valid legal obligations arising from a single debt, giving the appearance that the initial debt amount has doubled. Prior to the running of the statute of limitations on the judgments in the present cases, the plaintiffs appear to have had the benefit of either collecting under the promissory note or foreclosing on the judgment lien against the defendants' properties. I cannot conclude that such a result is intended by the law.

Despite my quarrel with the majority's conclusion regarding the consideration, I do not find that summary judgment should

be granted in favor of the defendants. Rather, I conclude that a genuine issue of material fact exists regarding the existence of consideration.

It has long been established in North Carolina that the forbearance to exercise a legal right is sufficient consideration to support the execution of a promissory note. *Bumgardner v. Groover*, 245 N.C. 17, 22, 95 S.E.2d 101, 105 (1956). The plaintiffs' affidavits, submitted in support of their motions for summary judgment, stated that the promissory notes were executed in lieu of actions on their respective superior court judgments against the defendants. The defendants contradicted those statements and asserted that they received no consideration for executing the promissory notes because they received no benefit and the plaintiffs suffered no detriment. Moreover, the defendants pointed out that the judgments remained in full force and effect and the plaintiffs had every right to execute on them and attempt to collect them, and that, therefore, the judgments held were not affected in any way by the promissory notes.

Because the conflicting affidavits, together with the language of the promissory notes, create a genuine issue of material fact regarding whether the plaintiffs agreed not to take action on the judgments in consideration for the execution of the promissory notes, I conclude that this case must be remanded to the trial court for a trial on its merits.

The forbearance, if present, effectively renders the judgments unenforceable by the plaintiffs, leaving only the promissory notes as a viable means of realizing the debt owed them. I point out, however, that in the subject case the original judgments remained on record in the Clerk's office even though subsequent promissory notes had been executed. The fact that the judgments had not been canceled gives the impression to, for example, title attorneys and creditors that an enforceable judgment lien exists against the property. It appears that a more sound practice for members of the bar in this situation would be to cancel the judgment in the Clerk's office at the time the promissory note is executed. Such a procedure would avoid the appearance that the defendants owed twice for one debt and, moreover, might alleviate questions of whether adequate consideration existed. *See Little v. Steele*, 214 N.C. 343, 199 S.E. 282 (1938) (cancellation of a judgment is sufficient consideration for notes executed by judgment debtor payable to judgment holder).