LUTHER G. BURTON, ADMINISTRATOR OF THE ESTATE OF WALTER NICKS BURTON, SR.,
PLAINTIFF v. TONY A. WILLIAMS, DEFENDANT

No. COA09-582

(Filed 19 January 2010)

**Release— directed verdict in favor of party with burden of proof—documentary evidence**

The trial court properly directed verdict in favor of plaintiff despite the fact that plaintiff had the burden of proof at trial because plaintiff established his claim that the release was unsupported by consideration through documentary evidence, which the parties stipulated as being genuine and authentic. Further, defendant made no argument at trial or on appeal that the release was, in fact, supported by consideration. Defendant failed to cite authority, and none was found, suggesting that a notary public's acknowledgment was equivalent to a party's execution of an instrument under seal.

Appeal by defendant from order entered 2 October 2008 by Judge Kenneth C. Titus in Durham County Superior Court. Heard in the Court of Appeals 4 November 2009.

*Woodruff, Reece & Fortner, by Gordon C. Woodruff, for plaintiff-appellee.*

*Ta-Letta Bryant Saunders for defendant-appellant.*

HUNTER, Robert C., Judge.

Defendant Tony A. Williams appeals from the trial court's directed verdict in favor of plaintiff Luther G. Burton, the administrator of the estate of Walter Nicks Burton, Sr. Defendant's principal argument is that the trial court violated his constitutional right to a jury trial by granting plaintiff's motion for a directed verdict at the close of plaintiff's evidence because plaintiff was the party with the burden of proof at trial. Our Supreme Court, however, has held that the right to a jury trial is not absolute and is predicated on a preliminary determination by the trial court as to whether there exist genuine issues of fact and questions regarding the credibility of the evidence to be submitted to the jury. Because plaintiff established his claim through documentary evidence, which the parties stipulated was authentic and correct, the trial court properly directed the ver-

dict in favor of plaintiff despite plaintiff having the burden of proof at trial.

## Facts and Procedural History

On 20 February 1998, Mr. Burton and his wife Ruth Inez P. Burton (both now deceased) sold their home to defendant, providing owner-financing for $160,000.00 of the $185,000.00 purchase price. The Burtons conveyed the real estate to defendant by general warranty deed, which was secured by a purchase money deed of trust in the amount of $160,000.00. Both the general warranty deed and deed of trust were recorded. Defendant gave a promissory note to Mr. Burton, in which defendant agreed to pay $160,000.00 at 7% interest in 151 monthly payments of $1,240.48.

Due to Mr. Burton's declining health, he executed a power of attorney on 9 March 2005, making plaintiff, his son, his attorney-in-fact. On 7 September 2005, defendant and Mr. Burton executed a promissory note addendum, which continued the monthly payments of $1,240.48 until 1 March 2018. In addition to the addendum, they both signed a payment agreement release on 8 September 2005 that provided that if Mr. Burton died prior to defendant completely repaying the promissory note, then the note became null and void and defendant would be "relieved of any and all remaining financial obligations to or claims by the estate, beneficiaries, creditors, heirs, or assignees of [Mr. Burton]." The addendum and release were recorded on 3 February 2006.

Mr. Burton moved to a nursing home after brain surgery in late 2006. Plaintiff found the release while cleaning out his father's home in April 2007. Plaintiff, as his father's attorney-in-fact, filed suit in Johnston County Superior Court, asserting that the addendum and release were void and unenforceable because (1) Mr. Burton lacked the mental capacity to assent to the addendum and release at the time of their execution; (2) they were procured through undue influence and duress; (3) they were procured through fraud; and (4) they were unsupported by consideration. Plaintiff sought to have the addendum and release stricken from the public record. Plaintiff also asserted claims for punitive damages and attorney's fees.

Defendant filed an answer generally denying plaintiff's claims. Mr. Burton died on 7 July 2007, and plaintiff was substituted as the administrator of his estate by order entered 15 October 2007. By another order entered 15 October 2007, the action was removed to Durham County, where the property is located. Plaintiff filed a notice

of *lis pendens* on 10 March 2008 and defendant filed a motion to set it aside on 19 March 2008. Defendant also moved for summary judgment. On 16 May 2008, plaintiff filed a motion to amend the complaint asserting a claim for breach of fiduciary duty and requesting imposition of a constructive trust on the property. After conducting a hearing on 27 May 2008 regarding the outstanding motions in the case, the trial court entered an order on 18 August 2008 (1) denying defendant's motion for summary judgment; (2) denying defendant's motion to set aside plaintiff's *lis pendens*; and (3) allowing plaintiff's motion to amend his complaint.

Prior to trial, both plaintiff and defendant filed motions *in limine* to exclude any testimony coming under the Dead Man's Statute, which the trial court granted. The jury trial began on 16 September 2008, and at the close of plaintiff's evidence, both plaintiff and defendant moved for directed verdicts. The next day, the trial court denied defendant's motion but granted plaintiff's on the ground that the release was void and unenforceable for lack of consideration. On 2 October 2008, the trial court entered a judgment and order reflecting its rulings and directing the verdict in favor of plaintiff. Defendant moved to stay the order of directed verdict and the trial court denied the motion. Defendant's motion for reconsideration was also denied. Defendant timely appealed to this Court.

### Discussion

Defendant first argues that the trial court erred by directing a verdict in favor of plaintiff on the issue of whether the release was supported by consideration when plaintiff had the burden of proof on this issue at trial. Defendant maintains that his constitutional right under N.C. Const. art. I, § 25 to a jury trial was violated because, by granting plaintiff's motion for a directed verdict at the close of plaintiff's evidence, the trial court "usurped the jury's responsibility" by "prevent[ing] him from presenting evidence and calling witnesses."

Contrary to defendant's contention, however, our Supreme Court, in addressing whether a verdict may properly be directed in favor of the party with the burden of proof, has held that "[t]he constitutional right to trial by jury is not absolute; rather, it is premised upon a preliminary determination by the trial judge that there indeed exist genuine issues of fact and credibility which require submission to the jury." *Bank v. Burnette*, 297 N.C. 524, 537, 256 S.E.2d 388, 396 (1979) (internal citation omitted). The Court "stressed" that "there are neither constitutional nor procedural impediments to directing a verdict for the party with the burden of proof where *the credibility of [the]*

*movant's evidence is manifest as a matter of law." Id.* The Court explained that "if the evidence so clearly establishes the fact in issue that no reasonable inferences to the contrary can be drawn[,]" it is proper to direct the verdict for the proponent notwithstanding a party's right to a jury trial. *Id.* at 536, 256 S.E.2d at 395.

Thus the dispositive issue on appeal is whether, under the facts of this case, it was proper for the trial court to grant plaintiff's motion for a directed verdict at the close of plaintiff's evidence, plaintiff having the burden of proof on his claim that the release was not supported by consideration. When a party moves for a directed verdict, the trial court must determine

> whether the evidence is sufficient to go to the jury. In passing upon such motion the court must consider the evidence in the light most favorable to the non-movant. That is, the evidence in favor of the non-movant must be deemed true, all conflicts in the evidence must be resolved in his favor and he is entitled to the benefit of every inference reasonably to be drawn in his favor. It is only when the evidence is insufficient to support a verdict in the non-movant's favor that the motion should be granted.

*Dockery v. Hocutt,* 357 N.C. 210, 216-17, 581 S.E.2d 431, 436 (2003) (internal citation and quotation marks omitted).

While not unconstitutional, it is ordinarily not appropriate to direct a verdict in favor of the party with the burden of proof. *See Burnette,* 297 N.C. at 538, 256 S.E.2d at 396 (cautioning that "instances where credibility is manifest will be rare, and courts should exercise restraint in removing the issue of credibility from the jury"). A directed verdict in favor of the party with the burden of proof is proper, however, " 'when the proponent has established a clear and uncontradicted *prima facie* case and the credibility of [the proponent's] evidence is manifest as a matter of law.' " *Town of Highlands v. Edwards,* 144 N.C. App. 363, 366, 548 S.E.2d 764, 766 (quoting *Homeland, Inc. v. Backer,* 78 N.C. App. 477, 481, 337 S.E.2d 114, 116 (1985), *disc. review denied,* 316 N.C. 377, 342 S.E.2d 896 (1986)), *disc. review denied,* 354 N.C. 74, 553 S.E.2d 212 (2001); *accord Smith v. Carolina Coach Co.,* 120 N.C. App. 106, 109-10, 461 S.E.2d 362, 364 (1995) (stating conversely that a directed verdict for proponent is not improper where proponent's right to recovery does not depend on credibility of proponent's evidence and "pleadings, evidence, and stipulations show that there is no issue of genuine fact for jury consideration"). Although the determination of whether the credibility of

the proponent's evidence is established as a matter of law "depends on the evidence in each case[,]" there are three "recurrent situations" in which it may be established: (1) where the "non-movant establishes [the] proponent's case by admitting the truth of the basic facts upon which the claim of [the] proponent rests"; (2) where "the controlling evidence is documentary and [the] non-movant does not deny the authenticity or correctness of the documents"; or (3) where "there are only latent doubts as to the credibility of oral testimony and the opposing party has failed to point to specific areas of impeachment and contradictions." *Burnette*, 297 N.C. at 537-38, 256 S.E.2d at 396 (citations and quotation marks omitted).

Here, the trial court determined that this case presented the second situation, noting that by stipulating to the evidence to be presented at trial, "everyone has conceded that [the release] is the document that is the basis of the agreement and as a matter of law, it is not a valid contract, there being absolutely no consideration specified . . . ." The trial court further observed that "[b]ased on [the parties'] stipulations as to the exhibits, there's no other exhibit that's going to be presented to the Court which would change the contract at all." Thus, the trial court granted plaintiff's motion for directed verdict on his claim that the release is an invalid contract and unenforceable due to a total absence of consideration.

Generally, "for a contract to be enforceable it must be supported by consideration." *Investment Properties v. Norburn*, 281 N.C. 191, 195, 188 S.E.2d 342, 345 (1972). "[A]ny benefit, right, or interest bestowed upon the promisor, or any forbearance, detriment, or loss undertaken by the promisee, is sufficient consideration to support a contract." *Brenner v. School House, Ltd.*, 302 N.C. 207, 215, 274 S.E.2d 206, 212 (1981). As a general rule, a "promise to perform an act which the promisor is already bound to perform cannot constitute consideration to support an enforceable contract." *Virmani v. Presbyterian Health Services Corp.*, 127 N.C. App. 71, 76, 488 S.E.2d 284, 287, *disc. review denied*, 347 N.C. 141, 492 S.E.2d 38 (1997). When, however, "the new promise entails some additional benefit to be received by the [promisor] or some detriment to the promisee, the new promise is supported by consideration." *Sam Stockton Grading Co. v. Hall*, 111 N.C. App. 630, 632, 433 S.E.2d 7, 8 (1993). Where there is "no genuine issue of material fact as to the lack of consideration," the trial court may enter judgment as a matter of law. *Penn Compression Moulding, Inc. v. Mar-Bal, Inc.*, 73 N.C. App. 291, 294, 326 S.E.2d 280, 283 (holding trial court should have entered summary

judgment for defendant where "undisputed" documentary evidence established that no new consideration was exchanged for plaintiff's renewed promise to pay pre-existing debt), *aff'd per curiam*, 314 N.C. 528, 334 S.E.2d 391 (1985).

Here, as evidenced by the trial court's pre-trial order, the parties stipulated that, along with other documents, the (1) 20 February 1998 deed of trust, (2) 20 February 1998 promissory note, (3) 7 September 2005 addendum, and (4) 8 September 2005 release are "genuine" and "authentic." According to these documents, the original agreement between the Burtons and defendant in 1998 consisted of the Burtons' deeding their property to defendant in exchange for a deed of trust and promissory note providing for the $160,000.00 purchase price plus interest to be paid over 20 years in 151 monthly installments of $1,240.48. The addendum to the promissory note executed on 7 September 2005 continues repayment under the terms of the original note. The release, which was executed the day after the addendum, provides in pertinent part:

> 1. That *should [Mr. Burton] expire prior to the completion of the terms and provisions of that certain Promissory Note . . . and any amendments thereto, then and in that event [defendant] shall be relieved of any and all remaining financial obligations to or claims by the estate, beneficiaries, creditors, heirs, or assignees of [Mr. Burton]*. It is further agreed that the aforementioned Promissory Note and attendant amendments as such, shall become a nullity upon the death of [Mr. Burton], and that no presentment of negotiable instruments shall be made to [defendant] or his assigns, beneficiaries, creditors or heirs.
>
> 2. BENEFIT: This agreement shall be binding upon and inure to the benefit of the parties hereto and their legal representatives, successors and assigns.
>
> 3. ENTIRE AGREEMENT: *This agreement contains the entire understanding of the parties*. It may not be changed orally. This agreement may be amended or modified only in writing that has been executed by both parties hereto.
>
> 4. INTERPRETATION: This agreement shall be interpreted under the laws of the State of North Carolina.[1]

(Emphasis added.)

---

1. In the release, Mr. Burton is erroneously named the "payor" and defendant the "payee."

**BURTON v. WILLIAMS**

[202 N.C. App. 81 (2010)]

The release fails to recite any consideration for the new agreement to release defendant from having to continue to make payments on the promissory note in the event that Mr. Burton died prior to the debt being paid off in full. The release, moreover, provides that it reflects the "entire understanding of the parties." Thus, according to the "understanding of the parties," no consideration was exchanged in support of the new agreement, making it void and unenforceable. *See Chemical Corp. v. Freeman*, 261 N.C. 780, 781, 136 S.E.2d 118, 119 (1964) (*per curiam*) (holding agreement not to compete signed 15 days after employment contract was new contract and thus required "new consideration"); *Haynes v. B & B Realty Grp., LLC*, 179 N.C. App. 104, 110, 633 S.E.2d 691, 695 (2006) (concluding real estate agent's services to start-up agency in exchange for addendum to independent contractor agreement giving agent interest in agency was not new consideration to support addendum where agent had pre-existing duty under original agreement to provide agency with same services); *Penn Compression Moulding*, 73 N.C. App. at 294, 326 S.E.2d at 282 (finding new agreement was not supported by consideration and defendant was entitled to judgment as a matter of law where plaintiff forced defendant to promise to pay referral commission in order to get plaintiff to pay pre-existing debt for goods received).

Neither in opposition to plaintiff's motion for a directed verdict nor on appeal does defendant argue that if allowed, he would have presented evidence showing that the release was, in fact, supported by consideration. Instead, defendant argued at trial that the release was a "gratuitous transfer" requiring no consideration. As the trial court noted, however, any parol evidence that the release was intended to be a gift conveyance would have been excluded under the Dead Man's Statute, N.C. R. Evid. 601, and the parties had stipulated that there would be no documentary evidence other than what plaintiff had presented that would "change the contract at all." More importantly though, while defendant made this argument at trial, nowhere in his appellate brief has he argued that the release was a gift conveyance. By not carrying forward this contention on appeal, it is deemed abandoned under N.C. R. App. P. 28(b)(6).[2]

Defendant also argued in opposition to plaintiff's motion for directed verdict that the notary public's acknowledging the *release*

---

2. The Supreme Court adopted new rules of appellate procedure on 2 July 2009, with an effective date of 1 October 2009 and "applies to all cases appealed on or after that date." Because defendant noticed appeal prior to that date, the newly adopted rules do not govern this appeal.

constituted the release being executed "under seal," which created a presumption that the release was supported by consideration. On appeal, however, defendant argues that the *addendum* to the promissory note, which was executed under seal, "provided a presumption of consideration." It is fundamental that " 'the law does not permit parties to swap horses between courts in order to get a better mount,' meaning, of course, that a contention not raised and argued in the trial court may not be raised and argued for the first time in the appellate court." *Wood v. Weldon*, 160 N.C. App. 697, 699, 586 S.E.2d 801, 803 (2003) (quoting *Weil v. Herring*, 207 N.C. 6, 10, 175 S.E. 836, 838 (1934)), *disc. review denied*, 358 N.C. 550, 600 S.E.2d 469 (2004).

Defendant nonetheless mistakes the effect of a notary public's acknowledging a document as opposed to a party's executing an agreement "under seal." The purpose of the notarial seal is to "authenticate the document to which it is duly affixed and to provide prima facie evidence of the notary's official character." 58 Am. Jur. 2d *Notaries Public* § 42 (2009). A notary public, however, "does not swear to the truth of the information in the document being notarized." *Myers & Chapman, Inc. v. Thomas G. Evans, Inc.*, 323 N.C. 559, 573, 374 S.E.2d 385, 394 (1988). In contrast, when a party executes an agreement under seal, "the presence of [the] seal render[s] the document to which it [i]s affixed indisputable as to the terms of the underlying obligation . . . ." 58 Am. Jur. 2d *Seals* § 2 (2009). *See generally Garrison v. Blakeney*, 37 N.C. App. 73, 78-79, 246 S.E.2d 144, 148 (setting out history of use of "seal" in England and America), *disc. review denied*, 295 N.C. 646, 248 S.E.2d 251 (1978). In North Carolina, an instrument under seal "imports consideration" to support that instrument, *Justus v. Deutsch*, 62 N.C. App. 711, 715, 303 S.E.2d 571, 573, *disc. review denied*, 309 N.C. 821, 310 S.E.2d 349 (1983), or, stated differently, the presence of a seal raises a presumption that the instrument is supported by consideration, *Supply Co. v. Dudney*, 56 N.C. App. 622, 624, 289 S.E.2d 600, 602 (1982). "[T]he determination of whether an instrument is a sealed instrument . . . is a question for the court." *Square D Co. v. C. J. Kern Contractors*, 314 N.C. 423, 426, 334 S.E.2d 63, 65 (1985).

The addendum at issue here was executed under seal, with the word "SEAL" appearing beside defendant's signature at the end of the document. The word "SEAL," however, does not appear next to either defendant's or Mr. Burton's signature on the release; it is only acknowledged with the notary's official stamp. Defendant cites no

authority, and we have found none, suggesting that a notary public's acknowledgment is equivalent to a party's execution of an instrument under seal. Since the release was not executed under seal, the presumption that it is supported by consideration was not triggered.

Because plaintiff established his claim that the release was unsupported by consideration through documentary evidence, which the parties stipulated as being genuine and authentic, and defendant made no argument at trial or on appeal that the release was, in fact, supported by consideration, the trial court properly directed the verdict in favor of plaintiff despite the fact that plaintiff had the burden of proof on this issue at trial. *See Merrill, Lynch v. Patel*, 98 N.C. App. 134, 137, 389 S.E.2d 604, 606 (1990) (affirming trial court's directed verdict for broker who had burden of proof on claim to collect on overdue investment account where investor admitted existence of account and calculation of debt and did not challenge authenticity or correctness of documentary evidence establishing these facts).

Affirmed.

Judges CALABRIA and GEER concur.